IRIS ANTONIA PAGÁN, demandante y recurrente, *v.* LUZ ANTONIA RIVERA BURGOS ET AL., demandados y recurridos.

*Número:* O-82-758        *Resuelto:* 21 de enero de 1983

*Carlos Iván Díaz Díaz*, abogado de la peticionaria.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Iris Antonia Pagán estaba en posesión de un pagaré hipotecario (¹) al portador por $50,000 emitido por su finado esposo Eduardo Rivera Colón, hasta la noche del 31 julio, 1982 en que su residencia del Barrio Los Frailes, Guaynabo fue escalada y figura el pagaré entre la propiedad apropiada ilegalmente. Ha promovido esta acción ante el Tribunal Superior para que bien por los herederos del deudor o por el alguacil en su nombre se expida un sustituto del referido pagaré, y se declare la invalidez del hurtado. Incluyó como demandados a todos los herederos llamados en el testamento del deudor Eduardo Rivera Colón a cuyo nombre ya el inmueble afecto está transferido en el Registro de la Propiedad en las proporciones ordenadas por el testador. La demanda es explícita en la solicitud de remedio, está ju-

---

(¹) La hipoteca afecta un solar de 598.48 m/c sin edificar, en Avenida Barbosa esq. Calle Francia, Quintana, Hato Rey.

rada ($^2$) por la demandante, y en su hecho 10° se asevera que algunos de los demandados residen aquí, pero otros se hallan fuera de Puerto Rico, lo que requerirá su citación por edictos. A estos fines, la demandante acompañó a su demanda una declaración jurada (25 agosto, 1982) que en lo pertinente dice:

> . . . Que además es imposible poder [*sic*] notificar personalmente de la demanda a los co-demandados que se indican a continuación, por éstos residir fuera de Puerto Rico: Luz Antonia Rivera Burgos, con residencia en 250 Gorge Road, Apt. 12C, Cliffside Park, New Jersey 07010; Aida Raquel Rivera Marrero, con residencia en 822 Milán Avenue, Coral Gables, Florida 33134 y Asunción Rivera Castro, conocida por Sunchita, con residencia en 5813 Keyntel Street, Citrus Heights, California USA 95610.
>
> Que se hace necesario la publicación de edicto para poder emplazar a los demandados mencionados.
>
> Que me consta que la dirección de las personas mencionadas es la que se ha indicado anteriormente ya que sostengo correspondencia con éstos personalmente y a través de mi abogado Carmelo Avila Medina.

Suplementó dicha declaración jurada con una segunda (10 sept. 1982) en que añade:

> Que . . . he hecho gestiones [a]cerca de los familiares de dichas co-demandadas, quienes a su vez son co-demandados en esta acción, y éstos me han asegurado que tanto Luz Antonia Rivera Burgos, como Aida Raquel Rivera Marrero y Asunción Rivera Castro residen en las direcciones que he indicado y que ninguno de ellos se encuentra actualmente de visita ni de vacaciones en Puerto Rico, por lo que es imposible emplazarlos personalmente de la demanda en este caso.

El tribunal rehusó expedir la orden de citación por edictos de dichas tres demandadas residentes en New Jersey,

---

($^2$) No es precisamente correcto que el propio abogado, en función de notario, tome juramento a su cliente. *Rivera* v. *Cámara*, 17 D.P.R. 528, 537 (1911); *Negrón et al.* v. *El Superintendente de Elecciones*, 11 D.P.R. 366, 370–371 (1906). Esta dualidad se aleja de la ética particularmente en la litigación contenciosa, y los tribunales deben rechazarla.

Florida y California fundado en que la Regla 4.3 de Proce-
dimiento Civil prohíbe la *diligencia del emplazamiento* por
persona que sea parte o tenga interés en el pleito, o por su
abogado.

■ El *certiorari* de la demandante nos confronta con
indebida aplicación en instancia de la Regla 4.3 de Proce-
dimiento Civil.(³) La demandante no pretende diligenciar el
emplazamiento porque ninguno se ha expedido. Tampoco
habrá de ser diligenciado porque la eliminación del diligen-
ciamiento *negativo* formal es nota distintiva de la nueva
Regla 4.5 que gobierna el emplazamiento por edictos y su
publicación y que ordena en lo pertinente:

> Cuando la persona a ser emplazada estuviere fuera de
> Puerto Rico, o estando en Puerto Rico, no pudiere ser locali-
> zada después de realizadas las diligencias pertinentes, o se
> ocultare para no ser emplazada, o si fuere una corporación
> extranjera sin agente residente, y así se comprobare a satis-
> facción del tribunal mediante declaración jurada, con expre-
> sión de dichas diligencias, y apareciere también de dicha de-
> claración, o de la demanda jurada presentada, que existe una
> reclamación que justifica la concesión de algún remedio con-
> tra la persona que ha de ser emplazada, o que dicha persona
> es parte apropiada en el pleito, el tribunal podrá dictar una
> orden disponiendo que el emplazamiento se haga por un
> edicto. No se requerirá un diligenciamiento negativo como
> condición para dictar la orden disponiendo que el emplaza-
> miento se haga por edicto.

■ El propósito de las reglas que regulan el empla-
zamiento por edicto es brindar al demandado una óptima
garantía de su derecho a ser oído. *Mundo* v. *Fúster*, 87

---

(³) 4.3 *Quién puede diligenciarlo; término para el diligenciamiento.*

"(a) El emplazamiento será diligenciado por el alguacil, o por cualquiera otra
persona que no sea menor de dieciocho (18) años de edad, que sepa leer y escribir y
que no sea la parte ni su abogado, ni tenga interés en el pleito. En el caso de
demandados ausentes de Puerto Rico, el emplazamiento podrá ser diligenciado
por un alguacil de la jurisdicción donde se haga entrega o por un abogado admi-
tido a la práctica de la profesión en dicha jurisdicción o en Puerto Rico o por una
persona designada por el tribunal para ese propósito."

D.P.R. 363 (1963). La citación o emplazamiento es el paso inaugural del debido proceso de ley que permite el ejercicio de jurisdicción por el tribunal para adjudicar derechos del demandado. Su adulteración es flagrante violación del trato justo. La demandante ha cumplido con la exigencia jurisdiccional[4] de la Regla 4.5 al informar al tribunal bajo juramento basada en su propio conocimiento, que las demandadas Luz Antonia, Aida Raquel y Asunción c/p Sunchita se hallan fuera de Puerto Rico, en direcciones residenciales específicas de lugares de New Jersey, Florida y California, y su demanda jurada contiene una reclamación que justifica la concesión de remedio contra dichas personas a ser emplazadas. La misma Regla ofrece la alternativa cuando es conocida la dirección, de incorporar estos hechos jurisdiccionales a la demanda jurada en plan de simplificar el trámite. Es para el caso en que —estando en Puerto Rico— no pueda localizarse al demandado o se ocultare para no ser emplazado, o si estuviere fuera de Puerto Rico ignorándose su dirección y paradero, que la Regla 4.5 exige la comprobación ante el tribunal de diligencias vigorosas y honesto esfuerzo para citar al demandado personalmente. La demandante no ha tenido que enfrentarse a ninguna de estas alternativas pues le consta que dichas demandadas se hallan fuera de Puerto Rico en los lugares que ha informado.

---

[4] Bajo un orden procesal de mayor formalismo este Tribunal estimó propio "que el demandante hiciese constar en su declaración si conocía o le era desconocida la residencia de la demandada". *Planas* v. *Chambers*, 59 D.P.R. 494, 500 (1941), y en *Danis* v. *Corte Municipal*, 57 D.P.R. 830, 834 (1940), dijimos:

"Si la demandante en su affidavit hubiera expresado de manera positiva que los demandados residían en determinado sitio fuera de Puerto Rico, en tal caso, no hubiera sido necesario expresar las diligencias practicadas para encontrarlos en Puerto Rico, pues la ley, descansando como descansa en sanos principios de lógica, no requiere cosas inútiles, ya que inútil hubiera sido hacer diligencias para encontrarlos en Puerto Rico cuando se sabía positivamente que se hallaban fuera de esta jurisdicción. En el caso de autos, como hemos visto, la declaración jurada no expresa de manera positiva que los demandados residieran fuera de esta isla en la fecha en que se juró la declaración."

El texto de la Regla 4.5, al instruir que "[n]o se requerirá un diligenciamiento negativo como condición para dictar la orden disponiendo que el emplazamiento se haga por edicto" releva a la demandante de la comentada prohibición de Regla 4.3 contra diligencias por parte interesada y propicia la suficiencia de su declaración jurada. Sin embargo, en las demás alternativas en que se ignore la dirección de la persona fuera de Puerto Rico, o hallándose aquí se ocultare o por alguna otra razón no se le pudiese emplazar, que exigen diligencia convincente y determinada para localizar al demandado, la protección del interés de éste así como la exclusión de toda sospecha de falsedad o fraude, activan y extienden a dichas diligencias el requisito de Regla 4.3 de que no las practique ni la parte, ni su abogado ni persona con interés en el pleito. En tales casos no será suficiente comprobación de intento leal de citar personalmente, la declaración jurada del demandante.

Con estos antecedentes y fundamentos *se expide el auto y se anula la resolución recurrida. Se remite el caso a instancia para procedimientos compatibles y la sala de instancia expedirá la orden de emplazamiento por edicto (Regla 4.5 párr. 2° y ss.) tan pronto la demandante recurrente ratifique ante funcionario apto para tomar juramentos, que no sea su propio abogado en carácter de notario, su demanda y declaraciones comprensivas de hechos jurisdiccionales.*

El Juez Asociado Señor Rebollo López disintió sin opinión.