Segarra Olivero, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Los demandantes-peticionarios de epígrafe nos solicitan la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 31 de octubre de 1996 y archivada en autos el 18 de noviembre de 1996, mediante la cual se declaró sin lugar su solicitud de descalificación de la representación legal de la demandada-recurrida de epígrafe.
Por los fundamentos que más adelante expondremos, expedimos el auto y confirmamos la resolución recurrida.
I
El 12 de noviembre de 1986, el Sr. Ellis Juan González Muñiz (en adelante el testador) otorgó testamento abierto mediante la Escritura Número 8 ante el notario César Hernández Colón. El testador instituyó como su única y universal heredera a su esposa Gloria Tormos Vega (parte demandada y aquí recurrida), sujeta dicha institución a los legados que se expresan en el testamento. El testador legó su participación de un 64.30% en la nuda propiedad de una finca de 446 cuerdas, localizada en el Municipio de Patillas, a sus sobrinos, Noel, Félix, Manuel, Marisol, y Gloriaelli, todos de apellidos Mattei González, quienes figuran como demandantes y peticionarios en el pleito de epígrafe. El testador dispuso, además, que legaba el usufructo vitalicio sobre dicha finca a su esposa Gloria Tormos Vega.
*1152 El referido inmueble era un bien privativo del testador, quien lo había adquirido por herencia conjuntamente con su hermana Sra. Solamina González Mattei, madre de los aquí peticionarios.
El 26 de septiembre de 1989, el testador y su hermana otorgaron dos escrituras denominadas "Escritura de Constitución de Sociedad Especial Brisas de Patillas S.E." y "Escritura de Permuta" ante el notario Giovanni Colberg Luciano, mediante las cuales pretendieron permutar sus respectivas participaciones en la finca o inmueble objeto de la presente controversia por participaciones equivalentes en la Sociedad Especial Brisas de Patillas, S.E. El testador falleció el 15 de julio de 1995.
El 11 de julio de 1996, los demandantes-peticionarios presentaron una demanda contra Gloria Tormos Vega mediante la cual le solicitaron al tribunal que los declarase titulares de la nuda propiedad de la finca objeto del legado instituido por el testador y, a su vez, que se le prohibiese a la demandada intervenir en los asuntos relacionados con la finca legada. Los peticionarios adujeron que desde la muerte del testador, Doña Gloria Tormos Vega se había negado a entregar a los demandantes-peticionarios el legado dispuesto en el testamento. Los demandantes-peticionarios señalaron que la pretendida sociedad especial nunca obtuvo la aprobación del Departamento de Hacienda para operar como tal y que dicha transferencia de participaciones en la finca por participaciones en la sociedad especial nunca se inscribió en el Registro de la Propiedad. Adujeron, además, que como la pretendida sociedad especial nunca tuvo personalidad jurídica, el legado de la finca subsiste y tiene plena validez, y por tanto, debe ser entregado sin condiciones a los legatarios.
El 30 de agosto de 1996, la parte demandada presentó una moción de prórroga para contestar la demanda, la cual fue suscrita por el Ledo. César Hernández Colón. El 3 de octubre de 1996, la parte demandada presentó una moción de desestimación por falta de parte indispensable.
Así las cosas, el 18 de octubre de 1996 los demandantes-peticionarios presentaron una moción solicitando la descalificación de la representación legal de la demandada por la existencia de un alegado conflicto ético, alegando erróneamente que la reclamación incoada giraba en tomo a la validez y eficacia del legado instituido por el testador en el testamento abierto otorgado ante el Ledo. César Hernández Colón en su capacidad de notario, por la que éste estaba impedido de representar a la parte demandada en el pleito a tenor con lo resuelto por el Tribunal, Supremo de Puerto Rico en el caso de In re: Colón Ramery,_D.P.R._ (1993), 93 J.T.S. 91.
Por su parte, el 23 de octubre de 1996 la representación legal de la parte demandada se opuso a la solicitud de descalificación alegando que no existía ningún conflicto ético que le impidiera representar a la demandada en este pleito, pues lo que planteaban los demandantes era la nulidad o ineficacia de las escrituras de constitución de sociedad especial y de permuta, las cuales no fueron otorgadas ante él como notario autorizante. La contención de la demandada estuvo basada en que las escrituras de sociedad especial y de permuta dejaron sin efecto el legado dispuesto por el testador a favor de los peticionarios en el testamento abierto otorgado el 26 de diciembre de 1986. 
El 31 de octubre de 1996, el Tribunal de Primera Instancia, Sala Superior de Ponce, declaró sin lugar la petición de los demandantes-peticionarios. 
Inconforme con esta resolución, los demandantes-peticionarios acudieron ante nos mediante el presente recurso de certiorari señalando que:

"Erró el Tribunal de Primera Instancia al resolver que no procedía la descalificación del 
*1153
Ledo. César Hernández Colón quien habiendo actuado en su capacidad de Notario al otorgar la Escritura de Testamento Abierto, posteriormente comparece como abogado en un caso que se refiere a la validez de un legado instituido en el acta notarial en cuestión."

Posteriormente, le concedimos término a la parte demandada-recurrida para que expusiera su posición frente al recurso. Habiendo comparecido, nos encontramos en posición de resolver.
II
Examinemos el derecho aplicable a la situación de autos desde la perspectiva de la importante función que desempeña el abogado-notario.
La naturaleza y función del notario en Puerto Rico está enmarcada dentro de la trayectoria del notario de tipo latino. El notario latino es aquel profesional del Derecho que ejerce una función pública que consiste en recibir, interpretar y dar forma a la voluntad de las partes, dar fe de los hechos, redactar los instrumentos adecuados a ese fin, conferirles autenticidad, conservar los originales de éstos y expedir copias que den fe de su contenido. En adición y como parte de sus funciones, el notario, como profesional del derecho, tiene el deber de asesorar a quienes reclaman su ministerio y aconsejarles los medios jurídicos más adecuados para el logro de los fines lícitos que aquellos pretendan alcanzar. In re: Colón Muñoz, _ D.P.R. _ (1992), 92 J.T.S. 98, p. 9757.
La Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1977,4 L.P.R.A. sees. 2001 y ss., le impone al notario una función dual: la de instrumentador del documento notarial y la del profesional del derecho que asesora y aconseja legalmente a los otorgantes. In re: Colón Ramery, supra, a la pág. 10,797. El notario, en el ejercicio de su ministerio y en el descargo de la fe pública en él depositada, no puede tomar partido o bando, porque él representa la ley para todas las partes. Su obligación de ilustrar, de orientar y de advertir ha de desplegarla para todos por igual, con imparcialidad. In re: Colón Muñoz, supra, a la pág. 9,757.
Nuestro Tribunal Supremo ha expresado su repudio a la función dual de abogado y notario en casos que envuelven la litigación contenciosa, pues tal actuación genera la potencialidad de un serio conflicto ético. Pagán v. Rivera Burgos, 113 D.P.R. 750 (1983); B. & L., Inc. v. P. R. Cast. Steel Corp., 114 D.P.R. 808 (1983). En estos casos se estableció la norma que prohibe el que un abogado que ostenta la representación de una parte en un litigio pueda tomar juramento en calidad de notario en los documentos a utilizarse, y a ser notarizado en el transcurso de dicho pleito.
El Tribunal Supremo de Puerto Rico en In re: Colón Ramery, _ D.P.R. _ (1993), 93 J.T.S. 91, se enfrentó a una situación en la que un abogado-notario ante el cual se otorgó una escritura, posteriormente reclamó judicialmente en representación de una de las partes otorgantes para exigir las contraprestaciones contenidas en el documento. El Tribunal Supremo resolvió, a la pág. 10,799, que:

"Un abogado-notario que reclama judicialmente en representación de una de las partes otorgantes de un documento, para exigir la contratación a la que se obligó la otra parte en el documento, da la falsa impresión de que siempre estuvo parcializado con la parte en representación de la cual reclama. Ello, claro está, cuando se trata de reclamaciones de índole contenciosa. De permitirse tal práctica estaríamos ocasionándole un grave daño a la institución del notariado y sobre todo, a la fe pública notarial..."

El Tribunal Supremo sostuvo, además, que en "toda acción en la que un instrumento notarial sea el objeto de la controversia, el notario siempre es testigo silente", y que "aunque la notaría y la abogacía, como regla general, no son incompatibles, en ciertas ocasiones, el *1154 simultanear ambas funciones con relación a un mismo asunto sí resulta incompatible por la apariencia de conducta parcializada impropia que se produce." In re: Colón Ramery, supra, a la pág. 10799. La expectativa del abogado-notario, una vez otorgado el documento en el que actuó como notario, de activar una relación de abogado-cliente con uno de los otorgantes o de mantener una relación de ese tipo que existía previo al otorgamiento del documento, trastoca la presunción de imparcialidad que protege toda la labor del notario y empaña la fe pública de la cual éste es custodio. La imparcialidad del notario se extiende a todos los procesos conducentes y posteriores al otorgamiento del documento público. In re: Colón Ramery, _ D.P.R. _ (1995), 95 J.T.S. 91, a la pág. 1031.
Esta prohibición es cónsona con los postulados del Canon 38 de Etica Profesional, 32 L.P.R.A. Ap. IX, C 38, a los efectos de que todo abogado debe evitar hasta la apariencia de conducta profesional impropia, y los del Canon 22 del mismo cuerpo de reglas, 32 L.P.R.A. Ap. IX, C. 22, en el cual se dispone que un abogado debe evitar testificar en beneficio o apoyo de su cliente y renunciar a su representación cuando adviene en conocimiento de que puede ser llamado a declarar en su contra.
La Regla 5 del Reglamento Notarial, aprobado por el Tribunal Supremo de Puerto Rico el 14 de julio de 1995, recogió las prohibiciones establecidas en la jurisprudencia y dispuso las instancias en las que la práctica de la profesión de abogado puede ser incompatible con la práctica de la notaría. Allí se señalan las dos situaciones en las que puede surgir la incompatibilidad de funciones, a saber:

"El Notario autorizante de un documento público está impedido de actuar posteriormente como abogado de una de las partes otorgantes para exigir en un litigio contencioso las contraprestaciones a que se haya obligado cualquier otra parte en el documento otorgado ante él.

El notario está impedido de representar como abogado a un cliente en litigación contenciosa y, a la vez, servir de Notario en el mismo caso por el posible conflicto de intereses o incompatibilidades que puedan dimanar del mismo."

III
Nos corresponde aplicar los principios anteriormente esbozados a la controversia de autos, de manera que podamos determinar si procede o no la descalificación del Ledo. César Hernández Colón.
Los peticionarios alegan que el Ledo. Hernández Colón incurre en un conflicto ético al comparecer al pleito por ellos instado en representación de la parte demandada, pues la controversia gira en torno a la validez del legado instituido en el testamento abierto otorgado ante él como notario autorizante. Señalan, además, que "viola la ética el notario César Hernández Colón al aceptar como abogado la representación de la recurrida pues se coloca en situación de oponerse a las propias disposiciones de última voluntad del testador que anteriormente en su capacidad de notario público había cogido en el testamento ante él otorgado".
No les asiste la razón a los peticionarios. En el presente caso no existe conflicto de intereses alguno que amerite la descalificación del Ledo. César Hernández Colón. Es evidente que el objeto de la reclamación incoada por los demandantes-peticionarios no es la invalidación o impugnación del testamento abierto o de alguna de sus disposiciones. Los demandantes-peticionarios solicitan del tribunal que declare la nulidad o ineficacia de las escrituras de constitución de sociedad especial y de permuta, otorgadas por el testador y su hermana ante el notario Giovanni Colberg Luciano, con posterioridad al otorgamiento del testamento abierto.
*1155 Los demandantes no están cuestionando la validez del legado instituido en el testamento abierto que fue otorgado ante el notario César Hernández Colón. Como cuestión de hecho, parten de la premisa de que existe un testamento válido en el que fueron designados legatarios específicos. Los demandantes-peticionarios lo que realmente cuestionan es la validez de las escrituras que fueron otorgadas con posterioridad al otorgamiento del testamento abierto ante otro notario autorizante. El Ledo. César Hernández Colón no tuvo relación alguna con dichos actos posteriores al otorgamiento del testamento. El presente caso no versa sobre el contenido o la interpretación del testamento abierto otorgado ante el licenciado Hernández Colón. La contención de la demandada es que las escrituras de sociedad especial y de permuta otorgadas ante otro notario el 6 de septiembre de 1989 por el testador y su hermana, dueños del referido inmueble, dejaron sin efecto o revocaron el legado instituido en el testamento a favor de los peticionarios, de conformidad con las disposiciones del Artículo 91 del Código Civil, supra.
El caso de autos no presenta la situación contemplada y prohibida en In re: Colón Ramery, _ D.P.R. _ (1993), 93 J.T.S. 91, y posteriormente reafirmado en reconsideración en In re: Luis Colón Ramery, _ D.P.R. _ (1995), 95 J.T.S. 91.
El pleito de epígrafe no es el caso contencioso entre los otorgantes de un documento público que discrepan en cuanto a la validez, el contenido o los efectos jurídicos del documento otorgado ante el notario. Por el contrario, ambas partes proclaman la validez del testamento. En el testamento abierto en el cual participó el licenciado Hernández Colón como notario autorizante sólo hubo un otorgante, el testador señor Ellis Juan González Muñiz. La situación que plantea el caso de autos no trata de un litigio entre las partes otorgantes de un documento público, pues, el único otorgante lo fue el testador. No existe el peligro de que el abogado notario esté parcializado o de la falsa impresión de que siempre estuvo parcializado a favor de la parte que en este caso representa y contra la cual reclama porque ni la señora Gloria Tormos Vega ni los legatarios-demandantes comparecieron como otorgantes a dicho testamento. El único cliente del licenciado Hernández Colón en el otorgamiento del testamento lo fue el Sr. Ellis Juan González Muñiz. Lo anterior, unido al hecho de que la reclamación de los demandantes-peticionarios no está fundamentada en la impugnación del testamento abierto, sino en su validez, nos permite concluir, sin lugar a dudas, que no estamos ante la situación de incompatibilidad de funciones prohibida por el Reglamento Notarial, la jurisprudencia y nuestros Cánones de Etica Profesional.
En conclusión, en el caso de autos no procede la descalificación del abogado notario, Ledo. César Hernández Colón, por no tratarse aquí de una autorización de un documento público, donde luego el notario representa como abogado a uno de los otorgantes en la litigación civil contenciosa contra el otro u otros otorgantes para reclamar judicialmente las contraprestaciones contenidas en el documento. No existe controversia alguna entre las partes respecto a la validez del testamento. La controversia entre las partes gira en torno a la validez de las escrituras otorgadas por el testador ante el notario Giovanni Colberg Luciano, con posterioridad a la fecha del otorgamiento del testamento abierto otorgado ante el Ledo. Hernández Colón. Si analizamos en su justa perspectiva la posición de los demandantes-peticionarios, notemos que la misma entraña un enorme contrasentido, toda vez que no podrían prevalecer en la controversia de autos si ese testamento abierto no fuere válido.
Si bien es cierto que los abogados deben evitar hasta la apariencia de conducta impropia, sus colegas deben evitar también recurrir a instrumentos de magnificación para encontrar cuestiones éticas donde no las hay. No hay la menor posibilidad de que exista en la situación de autos ni siquiera la apariencia de conducta impropia, a no ser que le adscribamos esa connotación a un espejismo.
*1156 IV
Por todo lo anteriormente expuesto, se expide el auto y se confirma la resolución recurrida. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.
Así lo pronunció y lo manda el Tribunal y lo certifica la Secretaria General. El Juez Aponte Jiménez disiente sin opinión.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 77
1. Véase el Artículo 791 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 2480.
2. Una moción para descalificar a un abogado no constituye de por sí una acción disciplinaria, sino más bien una medida preventiva para evitar posibles violaciones a los Cánones de Etica Profesional. Es por ello que los tribunales de instancia pueden evaluar y resolver dichas mociones cuando se presentan en casos que se ventilan ante sí. Liquilux Gas Corporation v. Berrios, _ D.P.R. _ (1995), 95 J.T.S. 92.
3. Tales pronunciamientos fueron reafirmados posteriormente en In re: Colón Ramery, _ D.P.R. _ (1995), 95 J.T.S. 91. No obstante, el Tribunal Supremo modificó su dictamen anterior en cuanto resolvió que la prohibición establecida no es extensiva a los socios de bufete del notario autorizante.