Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ASHLINE NICOLE OLIVO VILLAFAÑE<br><br>Peticionaria<br><br>v.<br><br>FÉLIX ELNES RAMOS CIRINO<br><br>Recurrido | KLCE202400236 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso núm.: CA2024RF00011<br><br>Sobre: Divorcio, Ruptura Irreparable |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 6 de marzo de 2024.

Comparece ante este tribunal apelativo la Sra. Ashline Nicole Olivo Villafañe (la señora Olivo Villefañe o la peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 24 de enero de 2024, notificada el 26 del mismo mes y año. En dicho dictamen, el foro primario declaró No Ha Lugar a la *Moción para emplazar por medio de edictos* presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y revocamos el dictamen recurrido.

### I.

El 8 de enero de 2024, la señora Olivo Villafañe instó una *Demanda* de Divorcio por Ruptura Irreparable contra el Sr. Félix Elnes Ramos Cirino (el señor Ramos Cirino). Adujo que se encuentran separados desde el 2018, no tienen bienes, ni hijos en

común, ni deudas. Además, señaló que el señor Ramos Cirino <u>reside en New York y que su última dirección conocida es: 2086 Honeywell Ave., Bronx, NY 10460</u>.[1] En consecuencia, ese mismo día presentó una *Moción para emplazar por medio de edictos* acompañada con una Declaración Jurada en la cual en el inciso tres (3) indicó lo siguiente:[2]

> Que desconozco el paradero de la parte demandada FELIX ELNES RAMOS CIRINO a pesar de haber realizado gestiones para obtener alguna dirección de este. Sólo tengo conocimiento de que vive en el estado de New York, Estados Unidos de América.

El 24 de enero de 2024, notificada el 26 del mismo mes y año, el TPI emitió el dictamen recurrido en el cual consignó como sigue:[3]

> No ha lugar. En el affidávit de mérito dice desconocer dirección alguna del demandado por lo que **no da certeza de conocer una dirección específica donde este reside**. Emplace de conformidad con la Regla 4.6 de Procedimiento Civil. [Énfasis nuestro]

Inconforme, la peticionaria solicitó al TPI la reconsideración de su dictamen. Alegó que la Regla 4.6 de las de Procedimiento Civil dispone que procede la autorización de un emplazamiento por edicto cuando la "parte peticionada" se encuentra fuera de Puerto Rico y que imponerle la carga de localizar al señor Ramos Cirino menoscaba su derecho a un juicio rápido, justo y económico.[4]

El 26 de enero de 2024, notificada el 29 siguiente, el foro recurrido dictó la siguiente *Orden*:[5]

> No ha lugar. [sic.] En los casos en que el demandado se encuentra fuera de Puerto Rico y la parte demandante ignora la dirección del demandado fuera de Puerto Rico, se exige **prueba de las diligencias específicas para localizar al demandado antes de expedir el emplazamiento por edicto** y **relevar al demandante del envío por correo de los documentos pertinentes.**
> Del caso de Jaume se desprende la necesidad de hacer las diligencias pertinentes. Estas diligencias no pueden ser mediante una declaración jurada de parte con interés. **Al no conocerse la dirección específica** deben **acreditarse** previo a la [a]utorización del emplazamiento por edicto **las diligencias para**

---

[1] Véase el Apéndice del Recurso, a las págs. 1 y 2.
[2] *Íd.*, a la pág. 6.
[3] *Íd.*, a la pág. 13.
[4] *Íd.*, a las págs. 16 y 18.
[5] *Íd.*, a la pág. 22.

**localizar la persona** por parte sin interés en el pleito.
[Énfasis nuestro]

Todavía insatisfecha, la peticionaria acude ante este tribunal intermedio imputándole al TPI haber incurrido en el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAROLINA, AL DECLARAR NO HA LUGAR LA SOLICITUD DE EMPLAZAR MEDIANTE EDICTO, ESTANDO LA PARTE DEMANDADA FUERA DE LA JURISDICCIÓN DE PUERTO RICO.

En atención a la determinación arribada, determinamos prescindir de trámite ulterior según nos faculta la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5). Esta norma nos faculta para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho.

Analizado el escrito de *Certiorari*, los documentos incluidos en el apéndice; así como estudiado el derecho aplicable, resolvemos.

## II.

**Auto de *Certiorari***

La Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo; y (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005); *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, supra, pág. 324; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016).

La Ley de la Judicatura, Ley núm. 201-2003, dispone en su Artículo 4.006 (b) que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b).

La expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B. El tribunal tomará en consideración los siguientes criterios:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está

presente en la petición de *certiorari*. De estar alguna presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto, y, por tanto, deberá prevalecer la determinación del foro recurrido.

En síntesis, estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por otro lado, el ejercicio de las facultades de los tribunales de primera instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000).

**Emplazamiento por edicto**

"Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez et. al.*, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil permiten que se utilice el mecanismo del emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, *supra*." *Caribbean Orthopedics v. Medshape, et. al.,* 207 DPR 994, 1008-1009 (2021).

El emplazamiento por edicto está regulado en la Regla 4.6 de las de Procedimiento Civil, 32 LPRA Ap. V, la cual establece:

(a) Cuando la persona a ser emplazada **esté fuera de Puerto Rico**, o que **estando en Puerto Rico no pudo ser localizada** después de realizarse las diligencias pertinentes, o se oculte para no ser emplazada o si es una corporación extranjera sin agente residente, y así

se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias **y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio** contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, **el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto**. **No se requerirá un emplazamiento negativo** como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, **al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición**.

(b) El contenido del edicto …

(c) ….

De una lectura de la regla surge que el emplazamiento mediante edictos está contemplado para cuatro (4) situaciones específicas: (1) **cuando la persona a ser emplazada se halla fuera de Puerto Rico**; (2) cuando la persona a ser emplazada, **aunque se encuentre en Puerto Rico, no puede ser localizada**; (3) cuando la persona a ser emplazada, **estando en Puerto Rico, se oculta** para no ser emplazada; y (4) cuando se trata de **una corporación extranjera** sin agente residente. En *Caribbean Orthopedics v. Medshape, et al.,* supra, la corporación demandada estaba creada y/u organizada bajo las leyes del estado de Georgia, y no contaba con un agente residente en nuestra jurisdicción y el alto foro concluyó que conforme dispone la "… Regla 4.6 (a) de Procedimiento Civil, *supra,* actuó correctamente el foro primario al expedir el

emplazamiento por edicto." *Íd.*, a la pág. 1006. Asimismo, consignó que un demandante **queda excusado de cumplir con el requisito de enviar copia del emplazamiento y de la demanda a la última dirección conocida del demandado**, "siempre y cuando" justifique en una declaración jurada que, **a pesar de los esfuerzos realizados, no ha podido localizar dirección alguna**. *Íd.*, a la pág. 1009. Por lo cual, "[l]a controversia ante nos cumple **con el requisito general** debido a que la parte demandante **conocía la última dirección** de la parte demandada." *Íd.* En cuanto a este aspecto, el Tratadista Cuevas Segarra explica:[6]

> "La Regla 4.6 exige la comprobación de diligencias vigorosas y honesto esfuerzo para citar al demandado personalmente sólo cuando, estando en Puerto Rico, el demandado no puede ser emplazado, o cuando estando en **fuera de Puerto Rico, se ignora su dirección y paradero**."

En lo aquí pertinente, en el *Informe de Reglas de Procedimiento Civil*, publicado por el *Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico*, señaló sobre este inciso de la Regla 4.6 lo siguiente:[7]

> [...]."... Por el contrario, cuando el demandado **se encuentra fuera de Puerto Rico**, y al demandante **le consta el lugar específico donde éste se encuentra** y así lo informa al tribunal, **no se requiere la comprobación de diligencias vigorosas y honesto esfuerzo para citarle personalmente**, y es compulsorio el envío por correo certificado con acuse de recibo de la copia de la demanda, la orden para emplazar por edictos y el edicto mismo. [nota al calce omitida]."

## III.

Examinado el recurso ante nuestra consideración al palio de la Regla 52.1 de la Reglas de Procedimiento Civil, *supra*, y la Regla 40, *supra*, de nuestro reglamento, determinamos que procede expedir el mismo por entender que esperar a la apelación

---

[6] J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed. San Juan, Pubs. JTS, 2011, T.1 a la pág. 356, citado en *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 989 (2020).

[7] Véase, *Informe de Reglas de Procedimiento Civil*, emitido en diciembre del 2007 por el Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico, a la pág. 55 y citando a *Rivera v. Jaume*, 157 DPR 562 (2002).

constituiría un fracaso irremediable de la justicia y la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

Mediante el único señalamiento de error formulado, la peticionaria sostiene que incidió el foro primario al denegar autorizar la expedición del emplazamiento por edicto. Ello, cuando presentó una declaración jurada indicando que el señor Ramos Cirino **reside fuera de la jurisdicción de Puerto Rico, e incluyó su última dirección conocida**, con especificidad de número de casa, calle, ciudad y estado de residencia. Tiene razón. Veamos.

Conforme surge del derecho antes consignado, el emplazamiento mediante edictos está contemplado en cuatro (4) instancias, entre ellas, cuando la persona a ser emplazada se halla fuera de Puerto Rico. De igual manera, establecimos que en los casos en que el demandado se encuentre **fuera de Puerto Rico** y la parte demandante **ignora la dirección** del demandado **fuera de Puerto Rico**, es que se exige **prueba de las diligencias específicas** para localizarlo antes de expedir el emplazamiento. De esta manera se le exime **del envío por correo** de los documentos pertinentes.

Ahora bien, el caso de autos cumple **con el requisito general** debido a que la señora Olivo Villafañe juramentó ante el TPI que el señor Ramos Cirino reside fuera de Puerto Rico y que **conocía su última dirección**, según lo alegó en la *Demanda*. Destacamos que, si bien la declaración jurada de la peticionaria pudiera resultar confusa en cuanto asevera "haber realizado gestiones para obtener alguna dirección", en la *Demanda* consignó la única por ella conocida.[8] De las alegaciones de la *Demanda* ni de la moción solicitando el emplazamiento por edicto surge que la peticionaria

---

[8] Destacamos que el foro recurrido, en el ejercicio de su discreción, pudo haber señalado una vista evidenciaria o emitir una orden de mostrar causa para que la peticionaria aclarara lo allí expresado.

solicitara ser relevada **del envío por correo** de los documentos pertinentes. Al respecto, nuestro estado de derecho es claro al señalar que cuando el demandado se encuentra fuera de Puerto Rico, y al demandante le consta el lugar específico donde este se encuentra y así lo informa al tribunal, no se requiere la comprobación de diligencias para citarle personalmente o para ser relevado del envío de los documentos por correo.

En resumen, colegimos que resulta innecesario que la peticionaria acredite las diligencias realizadas para citar al señor Ramos Cirino personalmente, ya que esta tiene conocimiento de que se encuentra fuera de Puerto Rico. Así lo acreditó ante el tribunal mediante declaración jurada, e informó en la demanda la dirección que, a su mejor entender, es donde este reside. En este punto, precisa apuntalar que, en *Pagán v. Rivera Burgos*, 113 DPR 750 (1983), el Tribunal Supremo decretó que la referida exigencia no aplica cuando al demandante le consta que el demandado se halla fuera de Puerto Rico en un lugar determinado que ha sido informado al tribunal. Véase, además, *Rivera v. Jaume*, supra. Lo que evidentemente ocurrió en el caso, por lo que procede emitir la orden para emplazar por edicto.

En conclusión, el error imputado fue cometido por el foro *a quo*.

**IV.**

Por los fundamentos antes expuestos, se expide el *certiorari* de epígrafe, y revocamos el dictamen recurrido. Consecuentemente, se le ordena al Tribunal de Primera Instancia, Sala Superior de Carolina, que autorice y expida el emplazamiento para emplazar por edicto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones