ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| AMG SECURITIES, LLC, DELICIAS LOCATION, LLC, JOSÉ ÉDISON FELICIANO TORRES<br><br>Parte Apelante<br><br><br>v.<br><br><br>RPS CONTRACTORS LLC, FÉLIX ROSARIO FLORES, FULADA DE TAL, COMPAÑIAS DE SEGUROS, X, Y, Z<br><br>Parte Apelada | KLAN202401147 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV06299<br><br><br>Sala: 506<br><br><br>Sobre: Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de enero de 2025.

Compareció ante este Tribunal la parte apelante, AMG Securities, LLC (en adelante, "AMG"), Delicias Location, LLC (en adelante, "Delicias") y el Sr. José Édison Feliciano Torres (en adelante, el "señor Feliciano Torres") (en adelante y en conjunto, los "Apelantes"), mediante recurso de apelación presentado el 20 de diciembre de 2024. Nos solicitaron la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"), el 21 de noviembre de 2024, notificada y archivada en autos el 25 del mismo mes y año. Dicho dictamen fue objeto de una "**Urgente Solicitud de Reconsideración**" interpuesta por los Apelantes, la cual fue declarada "No Ha Lugar" el 2 de diciembre de 2024 y notificada al día siguiente.

Por los fundamentos que expondremos a continuación, se *confirma* la *Sentencia* apelada.

**I.**

El caso ante nuestra consideración tuvo su génesis el 3 de julio de 2024, con la presentación de una "**Demanda**" sobre cobro de dinero por parte de los Apelantes en contra de RPS Contractors, LLC (en adelante, "RPS"), el Sr. Félix Rosario Flores (en adelante, el "señor Rosario Flores") y otros codemandados desconocidos (en adelante y en conjunto, "los Apelados"). Mediante la misma, argumentaron que, en diversas ocasiones, otorgaron a los Apelados varios préstamos, los cuales en total ascienden a la suma de $47,000.00. Asimismo, alegaron que los Apelados se encuentran en estado de mora desde el 6 de mayo de 2022. Arguyeron que, en distintas instancias, le han reclamado a los Apelados extrajudicialmente la suma adeudada y que, a pesar de dichas gestiones, éstos se han negado a satisfacer su presunta obligación de pago. En vista de lo anterior, le peticionaron al TPI que declare "Con Lugar" la "**Demanda**" y disponga para el pago de la cantidad mencionada, además de las costas, gastos y honorarios de abogado que procedan conforme a derecho.

Así las cosas, el 11 de julio de 2024, la Secretaría del Tribunal expidió los emplazamientos a nombre de cada una de las partes demandadas, aquí Apelados. Surge de los autos, que, posteriormente, la representación legal de los Apelantes le solicitó a la Secretaría del Tribunal que expidiera un nuevo emplazamiento a nombre del señor Rosario Flores, puesto que el emplazamiento expedido originalmente indicaba que había sido expedido el 11 de junio de 2024 en lugar del 11 de julio de 2024. Sobre el particular, debemos enfatizar que al examinar los autos electrónicos del TPI se desprende que, si bien del documento constitutivo del emplazamiento surge como fecha de expedición el 11 de junio de 2024, la fecha de anotación en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) lo fue el 11 de julio de 2024. En respuesta a ello, la Secretaría del Tribunal, sin autorización del juez asignado al caso, expidió un nuevo emplazamiento el 17 de octubre de 2024 y realizó una anotación en el expediente.

Más adelante, el 21 de noviembre de 2024, el TPI emitió una *Sentencia* en la que desestimó la "**Demanda**", sin perjuicio, por haber transcurrido el término de 120 días para diligenciar el emplazamiento, amparándose en las disposiciones de la Regla 4.3 de Procedimiento Civil, *infra*. Insatisfecho con esta decisión, el 25 de noviembre de 2024, los Apelantes presentaron una "**Urgente Solicitud de Reconsideración**" (en adelante, "Moción de Reconsideración") por medio de la cual le solicitaron al TPI que tomara conocimiento judicial del emplazamiento expedido el 17 de octubre de 2024 y afirmaron que, conforme a dicho emplazamiento, el término dispuesto en la referida Regla no había transcurrido. Tres días después, el 28 de noviembre de 2024, los Apelantes presentaron una "**Demanda Enmendada**" **a los fines de eliminar a RPS como parte demandada y exponer que los préstamos fueron otorgados únicamente al señor Rosario Flores y que éste se ha negado a satisfacer la deuda**. El 2 de diciembre de 2024, el TPI emitió Orden mediante la cual no autorizó la presentación de la "**Demanda Enmendada**", puesto que se había dictado *Sentencia* en el caso y estaba pendiente una solicitud de reconsideración de la misma.

Ese mismo día, el foro primario emitió una "**Resolución Final**" mediante la cual declaró "No Ha Lugar" la *Moción de Reconsideración*. Varios días después, el 10 de diciembre de 2024, los Apelantes presentaron una "**Moción al Expediente Judicial Informando Diligenciamiento de Emplazamiento**" a través de la cual le notificaron al Tribunal haber diligenciado el emplazamiento expedido el 17 de octubre de 2024.

Inconforme con lo resuelto, los Apelantes acudieron ante este Tribunal intermedio mediante el recurso de epígrafe, en el que señalaron los siguientes errores:

A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DESESTIMAR SIN PERJUICIO Y DE CONFORMIDAD CON LA REGLA 4.3 (C) DE LAS DE PROCEDIMIENTO CIVIL, *SUPRA*, LA DEMANDA DE ESTE CASO, CUANDO LA SECRETARÍA DEL FORO DE INSTANCIA POR INICIATIVA PROPIA EXPIDIÓ NUEVAMENTE EL EMPLAZAMIENTO AL CODEMANDADO-APELADO Y PARTE

INDISPENSABLE, FÉLIX ROSARIO FLORES Y NO HABÍA TRANSCURRIDO EL PLAZO DE 120 DÍAS QUE DISPONE LA REGLA ANTEDICHA Y SU JURISPRUDENCIA PARA DILIGENCIAR DICHO EMPLAZAMIENTO.

B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO AUTORIZAR LA DEMANDA ENMENDADA DE ESTE CASO QUE INCLUYE EVIDENCIA SOBRE PRESTAMOS CONCEDIDOS POR LA PARTE APELADA Y QUE LA ÚLTIMA NO HA PAGADO.

**II.**

En nuestro sistema adversativo, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial." Acosta v. ABC, Inc., 142 DPR 927, 931 (1997); Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 22 (1993); Pagán v. Rivera Burgos, 113 DPR 750, 754 (1983). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. Martajeva v. Ferré Morris y otros, 210 DPR 612, 620 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021).

Los requisitos de un emplazamiento son de cumplimiento estricto, ya que su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. Torres Zayas v. Montano Gómez et al., 199 DPR 458, 468 (2017), Quiñones Román v. Cía. ABC, 152 DPR 367, 374 (2000). A tales efectos, todo demandado tiene el derecho a ser emplazado "conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley". First Bank of P.R. v. Inmob. Nac., Inc., 144 DPR 901, 916 (1998).

En esta misma línea, la Regla 4 de Procedimiento Civil regula lo concerniente a la expedición y diligenciamiento de los emplazamientos. 32 LPRA Ap. V, R. 4. Específicamente, establece que le corresponde a la parte demandante presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. 32 LPRA Ap. V, R. 4.1. Respecto al término para diligenciar el emplazamiento, la Regla 4.3 (c) de Procedimiento Civil dispone expresamente que este debe ser gestionado "**en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto**". 32 LPRA Ap. V, R. 4.3 (c) (énfasis suplido). En caso de que el Secretario o Secretaria no los expida el mismo día de presentarse la demanda, el tiempo que demore será el mismo tiempo adicional que el Tribunal de Primera Instancia le otorgará al demandante para diligenciar los emplazamientos, siempre y cuando este haya presentado oportunamente una solicitud de prórroga. Íd. Una vez transcurre el mencionado plazo, sin que se hay diligenciado el emplazamiento, le corresponde al Tribunal dictar sentencia decretando la desestimación y archivo sin perjuicio de la demanda. Íd.

Es menester destacar que nuestro Tribunal Supremo ha expresado que el mencionado término de 120 días es inextensible y comienza a contar una vez la Secretaría del Tribunal expide el emplazamiento. Bernier González v. Rodríguez Becerra, 200 DPR 637, 649 (2018). Asimismo, ha señalado que la mal denominada prórroga a la que alude la Regla 4.3 de Procedimiento Civil, *supra*, en realidad se refiere a la obligación del demandante de presentar una moción al Tribunal solicitando la expedición de los emplazamientos en caso de que la Secretaría del Tribunal no los haya emitido el día de la presentación de la demanda. Íd., pág. 650. Es decir, dicha disposición no constituye una verdadera prórroga, sino un mecanismo procesal dirigido a asegurar la continuidad de los procedimientos judiciales. Así pues, entendió el alto foro judicial que no puede recurrirse a las disposiciones de la Regla 68.2 de Procedimiento Civil

para que el juez conceda una prórroga al término para emplazar debido a que estaría en contravención con la intención legislativa. Íd.

Más aún, coligió el Tribunal Supremo en *Bernier* que **no cabe hablar de discreción judicial a la hora de prorrogar el término que dispone la Regla 4.3 (c) de Procedimiento Civil,** *supra,* **para diligenciar el emplazamiento**. Cónsono con lo anterior, en Pérez Quiles v. Santiago Cintrón, 206 DPR 379 (2021), el Tribunal Supremo resolvió que el "término de 120 días para diligenciar un emplazamiento comenzará a trascurrir, *sin ninguna otra condición o requisito*, una vez la Secretaría del tribunal expida el emplazamiento". Íd., pág. 381 (énfasis en el original). De hecho, se reiteró lo resuelto en *Bernier* a los fines de que "que la 'moción de prórroga' a la que alude la Regla 4.3 (c) de Procedimiento Civil, *supra*, **no se refiere a una solicitud para ampliar del término de 120 días como tal**". Íd., pág. 385 (énfasis suplido). Así pues, dispuso el Tribunal Supremo que la llamada "prórroga" se utilizará únicamente en aquellas instancias en las que la Secretaría del tribunal de instancia observe un retraso irrazonable en la expedición de los emplazamientos. Íd., pág. 386.

Por último, respecto a las enmiendas a los emplazamientos, la Regla 4.8 de Procedimiento Civil, establece lo siguiente:

> En cualquier momento, a su discreción y en los términos que crea justos, **el tribunal puede permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento**, a menos que se demuestre claramente que de así hacerlo se perjudicarían sustancialmente los derechos esenciales de la parte contra quien se expidió el emplazamiento. 32 LPRA Ap. V, R. 4.8 (énfasis suplido).

Es decir, los emplazamientos únicamente pueden ser corregidos o modificados previa autorización del Tribunal, quien, tras un análisis sosegado, determinará la procedencia de este tipo de solicitud. De esa manera, se salvaguarda la integridad y transparencia del proceso de adquirir jurisdicción sobre la persona del demandado.

**III.**

En el presente caso, los Apelantes nos solicitaron la revocación de la *Sentencia* del TPI, a través de la cual se desestimó, sin perjuicio, la "**Demanda**" instada por los Apelantes.

Los señalamientos de error esgrimidos están íntimamente relacionados, por lo que se tratarán de manera conjunta en la discusión. En síntesis, los Apelantes sostienen que el TPI erró al: (1) desestimar sin perjuicio la "**Demanda**", a pesar de que la Secretaría del Tribunal, por **iniciativa propia**, expidió nuevamente el emplazamiento al señor Rosario Flores y no había transcurrido el término de 120 días dispuesto por ley para diligenciar dicho emplazamiento y (2) al no autorizar la **"Demanda Enmendada"**. No nos convence su postura. Veamos.

Surge del expediente ante nuestra consideración que el 3 de julio de 2024 los Apelantes presentaron una "**Demanda**" sobre cobro de dinero en contra del señor Rosario Flores, RPS y otros codemandados desconocidos. Varios días después, el 11 de junio de 2024, la Secretaría del Tribunal expidió los correspondientes emplazamientos a cada una de las partes demandadas. También se desprende del expediente que, en una fecha cercana al 17 de octubre de 2024, los Apelantes se comunicaron con la Secretaría del Tribunal para solicitar que el emplazamiento del señor Rosario Flores se expidiera nuevamente, ya que existía un error en la fecha de su expedición. Específicamente, el emplazamiento indicaba que había sido expedido en el mes de junio en vez del mes de julio.

En reacción a ello, la Secretaría del Tribunal, **sin autorización del Tribunal**, expidió un nuevo emplazamiento y realizó una anotación en el expediente. Así las cosas, el 21 de noviembre de 2024, el TPI desestimó la "**Demanda**" objeto de esta controversia por haber transcurrido el término de 120 días prescrito reglamentariamente para diligenciar los emplazamientos expedidos el 11 de julio de 2024. Inconforme con ello, el 25 de noviembre de 2024, los Apelantes presentaron una *Moción de Reconsideración*, mediante la cual argumentaron que el plazo para diligenciar el emplazamiento expedido el 17 de octubre de 2024 no había expirado. Evaluado dicho argumento, el TPI denegó dicha solicitud mediante *Resolución Final* de 2 de diciembre de 2024. De igual manera, los Apelantes presentaron una "**Demanda Enmendada**" a los fines de

eliminar a RPS como codemandado, responsabilizando únicamente al señor Rosario Flores de la aludida la deuda.

Tal y como hemos adelantado en los acápites anteriores, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado. Pérez Quiles v. Santiago Cintrón, *supra*, pág. 384. La Regla 4 de Procedimiento Civil, *supra*, regula los pormenores de su expedición y diligenciamiento. 32 LPRA Ap. V, R. 4. Específicamente, establece que el demandante cuenta con un término de 120 días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento para realizar su diligenciamiento. 32 LPRA Ap. V, R. 4.3. Cuando el plazo indicado transcurre sin que se haya realizado diligenciado el emplazamiento, le corresponde al Tribunal decretar la desestimación y archivo de la demanda, sin perjuicio. Sobre lo anterior, el foro de instancia no tiene discreción. Asimismo, cualquier corrección o enmienda a los emplazamientos o la constancia del diligenciamiento debe contar con la autorización previa del Tribunal antes de ser emitida por la Secretaría. 32 LPRA Ap. V, R. 4.8.

Tras un análisis sosegado del expediente ante nuestra consideración, incluyendo la "**Demanda**", la "**Demanda Enmendada**" y los correspondientes emplazamientos, coincidimos con el foro *a quo* a los efectos de que procedía la desestimación y archivo, sin perjuicio, de la causa de acción instada en contra de los Apelados. Esto pues, el emplazamiento dirigido al señor Rosario Flores fue expedido el 11 de julio de 2024 y tras haber transcurrido el plazo de 120 días que provee la Regla 4.3 (c) de Procedimiento Civil, *supra*, lo que correspondía en derecho fue el curso de acción tomado por el TPI. Dicha Regla y su jurisprudencia interpretativa son claras en que una vez la Secretaría del Tribunal expide los emplazamientos, dicho término no puede ser extendido por ningún motivo y mucho menos por algún error de forma.

El hecho de que la Secretaría del Tribunal haya expedido un nuevo emplazamiento a nombre del señor Rosario Flores, sin la autorización del Tribunal, no modifica ni interrumpe el término improrrogable de 120 días

que comenzó a transcurrir el 11 de julio de 2024. **Lo anterior se debe a que, cualquier enmienda a los emplazamientos requiere autorización previa del Tribunal, la cual los Apelantes no peticionaron en este caso**. Si los Apelantes consideraban que el error en la fecha del emplazamiento del señor Rosario Flores podía generar algún tipo de confusión, debían solicitarle al Tribunal permiso para la expedición de un nuevo emplazamiento, de conformidad con la Regla 4.8 de Procedimiento Civil, *supra*.

Dicha omisión evidencia el incumplimiento con las normas procesales que rigen nuestro sistema jurídico. Además, acoger el planteamiento de los Apelantes sin que sea necesario cumplir con dicho requerimiento procesal, no sólo desestabilizaría el trámite adecuado de los casos, sino que equivaldría a que la parte demandante pueda valerse de una simple comunicación telefónica con los funcionarios de la Secretaría del Tribunal de Primera Instancia para extender, *motu proprio* y a espaldas del juez o jueza que preside los procedimientos, el plazo improrrogable para diligenciar efectivamente los emplazamientos dirigidos a la parte demandada. Pretender, por vía del mecanismo de enmienda a la demanda, circunvalar o escapar la desestimación que dispone la Regla 4.3 (c) de Procedimiento Civil, *supra*, tampoco puede tener espacio en nuestro ordenamiento. La venda de objetividad que lleva puesta la Dama de la Justicia y que guía todas nuestras determinaciones no nos puede cegar de tal manera que ignoremos las circunstancias particulares del presente caso, cuando luego de desestimada la "**Demanda**", se intentó enmendarla para salvar el pleito instado y mantener únicamente al señor Rosario Flores como demandado, a nombre de quien fue que precisamente se expidió el emplazamiento el 17 de octubre de 2024.

Dicha práctica no puede ser aceptada por nuestros tribunales, ya que implica una trasgresión a las normas procesales que garantizan la adecuada administración de la justicia. Resolver en sentido opuesto, sería permitir que los demandantes burlen los principios fundamentales del

derecho procesal, socavando así, la transparencia de los procedimientos judiciales. En suma, no se cometieron los errores señalados.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones