ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| FRANKLIN CREDIT MANAGEMENT CORPORATION COMO AGENTE DE SERVICIO DE BOSCO CREDIT X, LLC<br><br>Recurrido<br><br>v.<br><br>GRABIEL CINTRÓN GONZÁLEZ POR SÍ Y EN REP DE LA SOC LEGAL DE BIENES GANANCIALES COMP CON GLORIANA MOLINA SANCHEZ Y OTROS<br><br>Peticionarios | **KLCE202400111**<br><br><br><br><br><br><br><br><br><br>**CONSOLIDADO** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Caguas<br><br>Civil Núm.: CG2022CV004184<br><br>Sobre: Cobro de dinero y Ejecución de Hipoteca |
| FRANKLIN CREDIT MANAGEMENT CORPORATION COMO AGENTE DE SERVICIO DE BOSCO CREDIT X, LLC<br><br>Apelante<br><br>v.<br><br>GRABIEL CINTRÓN GONZÁLEZ POR SÍ Y EN REP DE LA SOC LEGAL DE BIENES GANANCIALES COMP CON GLORIANA MOLINA SANCHEZ Y OTROS<br><br>Apelada | **KLAN202400101** | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala Superior de Caguas<br><br>Civil Núm.: CG2022CV004184<br><br>Sobre: Cobro de dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

### **SENTENCIA**

En San Juan, Puerto Rico a 19 de marzo de 2024.

Comparecen el Sr. Grabiel Cintrón González (señor Cintrón), la Sra. Gloriana Molina Sánchez (señora Molina) y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, matrimonio Cintrón-Molina) mediante un recurso de *certiorari* identificado con el núm. KLCE202400111 presentado el 26 de enero de 2024. Por su parte, el 5 de

febrero de 2024, compareció Franklin Credit Management Corporation (Franklin Credits), mediante el recurso de apelación identificado con el núm. KLAN202400101.

Por estar estrechamente relacionados y en aras de la economía procesal, ordenamos su consolidación. Los recursos consolidados solicitan la revisión de una *Sentencia Parcial* notificada el 8 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala de Caguas. Mediante el referido dictamen, el foro primario, declaró *No Ha Lugar* a la solicitud de desestimación en cuanto al señor Cintrón. Mientras que, declaró *Ha Lugar* a la solicitud de desestimación de la señora Molina, y de la Sociedad Legal de Gananciales por no haberse emplazado conforme a derecho.

Por los fundamentos que se exponen a continuación, acogemos el presente recurso como una apelación, por ser el mecanismo adecuado para la revisión de la *Sentencia Parcial* apelada.[1] Asimismo, **MODIFICAMOS** el dictamen apelado para **REVOCAR** en parte y **CONFIRMAR** en parte.

## I.

El **20 de diciembre de 2022**, Franklin Credit instó una *Demanda* en cobro de dinero y ejecución de hipoteca contra el señor Cintrón, la señora Molina y la Sociedad Legal de Gananciales compuesta por ambos.[2] Alegó que el matrimonio Cintrón-Molina suscribió un pagaré a favor de RG Premier Bank of Puerto Rico, el cual está vencido y era líquido y exigible. **En la misma fecha**, la Secretaría del Tribunal de Primera Instancia expidió los emplazamientos correspondientes.[3]

---

[1] Sin embargo, se conserva la codificación alfanumérica que la Secretaría de este Tribunal le asignó a este caso.
[2] *Demanda*, anejo I, págs. 1-10 del apéndice del recurso de *certiorari*.
[3] *Emplazamientos*, anejo III, págs. 12-17 del apéndice del recurso de *certiorari*.

Luego de varios trámites procesales, el **16 de marzo de 2023**, Franklin Credit presentó una *Solicitud de Emplazamiento por Edicto*.[4] En esencia, alegó que luego de diversas gestiones para localizar al matrimonio Cintrón-Molina, estas resultaron infructuosas. Por lo tanto, solicitó autorización para que fueran emplazados mediante edicto, conforme la Regla 4.6 de Procedimiento Civil. Con el propósito de hacer constar las diligencias realizadas sin éxito para emplazar al matrimonio Cintrón-Molina, Franklin Credit adjuntó una declaración jurada del emplazador, Juan Esteban Martínez Vargas, en la cual consignó lo siguiente:

[…]

4. Que desde el 28/12/2022 estoy realizando gestiones en la Urb. Vista Lago en Ciudad Jardín, Gurabo PR, ya que al contar con acceso controlado y sin guardia de seguridad tanto de día como de noche. En el intercomunicador a pesar de marcar el código relacionado a la propiedad en controversia (#97) NO me contestaron y mucho menos me abrieron.

5. Que según el expediente ambos demandados laboran el Pepsi Cola Manufaturing, Cidra PR 787-739-8411 (fuera de servicio) pero después de una búsqueda ahora son Isla Frio Cold Refrigeretion (787-331-5320) y empleado Fernando indica que NO conocen ni mucho menos trabajan los demandados. En Pepsi de Toa Baja tampoco trabajan.

6. Que regreso el 5/01/2023 y el portón principal está abierto ya que había una guagua recogiendo escombros y aproveche entrar. Estando frente a la propiedad nadie salió a recibirme a pesar de que toqué la puerta en múltiples ocasiones, procedí deje nota escrita en la puerta. No tuve cooperación de vecinos por haber entrado sin autorización me grito uno. Regreso el 10&19/01/2023 y NO TENGO acceso ni mucho menos comunicación a pesar de marcar el código en el intercomunicador, llamarlos 787-410-3078,787-678-9866, enviarles mensajes de texto, mensaje por correo electrónico glory_213@yahoo.com.

7. En Cond. Tierra del Sol / Bo. Candelero, Carr. 906 KM 11, Buena Vista, Humacao PR, el guardia de seguridad (García) NO me da acceso al apt. 131 ya que informa que el demandado

---

[4] *Solicitud de Emplazamiento por Edicto*, anejo XIII, págs. 109-115 del apéndice del recurso de *certiorari.*

Grabiel le indico que NO autorizaba mi acceso. Que a pesar de mostrarle el emplazamiento me responde que NO podía entrar a menos que tuviera una orden de un juez autorizándome y/o brindándome acceso, que solo un emplazamiento NO era permitido por la Administración, procedió a brindar el # para yo contactarme.

8. Que logre comunicación con Carmen Coriano quien administra dicho Cond. Tierra del Sol, 787-585-3503 y me confirma que el demandado si reside el Apt131 NO la demandada. Me deja saber que sin la autorización del demandado NO puedo entrar, aunque tenga un emplazamiento, pero con una orden del Tribunal si me puede dar acceso sin la autorización. Carmen me deja saber que hablara con él, que NO me promete nada pero que tan pronto enganchemos le envía un mensaje, que si no recibía llamada era que entonces ya era decisión de él no por falta de conocimiento.

9. En las páginas cibernética Google, Facebook Messenger & Trupeople realice una búsqueda con los nombres completos de los demandados, pero al momento NO encontré información adicional que no fuera la misma con relación a Gloriana. Solo encontré una dirección postal con relación a Grabiel (PO BOX 342 Barranquitas PR 00794.

10. Que continue llamando a los # tel. de los demandados, correo electrónico, mensaje de texto y NUNCA me contestan ni devuelven respuesta a los mensajes. Que el 21/02/2023 logre entrar porque unos niños se descuidaron al entrar en un carrito de golf y al llegar a la propiedad NADIE salió a pesar de haber vehículos, tocar la puerta, hacer llamadas, enviar mensaje de texto que estaba en la puerta pero NADA. Dejé nuevamente nota escrita ya que la otra la había recogido.

11. Que regreso el 28/02/2023 y NO me contestan las llamadas ni mucho menos permitir acceso a la Urb. Vista Lago a pesar de marcar el código del intercomunicador indicándoles que estaba ahí NUEVAMENTE. Que lo único que logre conseguir a través de una confidencia es que los demandados están separados que NO residen juntos pero que desconocen quienes viven en la propiedad. La Asociación del Master de la Urb. Ciudad Jardín a la cual pertenece Vista Lago NO me pudo ayudar.

12. En el Cuartel de la Policía y Alcaldía de Gurabo NO conocen a NINGUNO de los demandados de epígrafe. Que a pesar del tiempo más que razonable al día de hoy NO he recibido llamada devuelta, contestación a mensajes de texto y correo electrónicos. Dada las circunstancias anteriormente expresadas suscribo la presente declaración jurada bajo la Regla 4.6 de

Procedimiento Civil de PR con relación a los demandados de epígrafe quienes tienen pleno y absoluto conocimiento de la demanda en su contra por todas mis gestiones antes mencionadas.

El **17 de marzo de 2023**, el foro primario notificó una *Orden,* mediante la cual declaró *Con Lugar* la solicitud de emplazamiento por edicto.[5] Así pues, ordenó a la Secretaría del Tribunal a que procediera a expedir dicho emplazamiento.

El **25 de mayo de 2023**, el matrimonio Cintrón-Molina compareció al foro de instancia, sin someterse a la jurisdicción, mediante una *Solicitud de Prórroga*.[6] En síntesis, alegaron que el **26 de abril de 2023**, fueron notificados de la demanda. Por lo que, solicitaron una prórroga para presentar sus alegaciones.

Posteriormente, el **7 de junio de 2023**, el matrimonio Cintrón-Molina presentó una moción de desestimación, mediante la cual alegaron que no fueron emplazados conforme a derecho, dentro de los 120 días provistos por la Regla 4.3(c) de Procedimiento Civil.[7] A su vez, esbozaron que las gestiones desplegadas por el emplazador, para notificarles de manera adecuada y personalmente la demanda, fueron totalmente insuficientes. Por lo tanto, alegaron que la *Orden* emitida por el foro primario no procedía, y el emplazamiento por edicto es nulo.

En respuesta, el **31 de julio de 2023**, Franklin Credit presentó su oposición a la solicitud de desestimación instada por el matrimonio Cintrón-Molina.[8] Mediante esta,

---

[5] *Orden*, anejo XV, págs. 117-118 del apéndice del recurso de *certiorari.*
[6] *Solicitud de Prórroga*, anejo XVI, págs. 119-120 del apéndice del recurso de *certiorari.*
[7] *Moción Urgente en Solicitud de Desestimación de la Demanda […],* anejo XVIII, págs. 122-146 del apéndice del recurso de *certiorari.*
[8] *Moción en Cumplimiento de Orden y Oposición a "Moción Urgente en Solicitud de Desestimación…"*, anejo XXII, págs. 150-156 del apéndice del *certiorari.*

argumentó que cumplieron con todas las exigencias requeridas por nuestro ordenamiento jurídico.

A su vez, desglosaron las fechas pertinentes a la controversia de autos. Indicaron que, el **20 de diciembre de 2022**, la Secretaría del foro primario expidió los emplazamientos personales, por lo que, el término de **120 días** dispuesto en la Regla 4.3(c) de Procedimiento Civil para que pudieran diligenciarlos vencían el **19 de abril de 2023**. Añadieron que, ante la imposibilidad de emplazarlos personalmente, transcurridos **87 días** desde que fueron expedidos los emplazamientos, el **16 de marzo de 2023**, solicitaron al foro primario que los emplazamientos fueran por edicto. Evaluada su solicitud, el foro primario autorizó el emplazamiento por edicto. Así pues, el **17 de marzo de 2023**, la Secretaría expidió el emplazamiento por edicto. Por lo tanto, sostuvieron que fueron diligentes en las gestiones realizadas para emplazar al matrimonio Cintrón-Molina, y que éstos, optaron por esconderse, obstaculizando el diligenciamiento del emplazamiento. Aún así, cumplieron con el propósito del emplazamiento de notificar a la parte demandada.

El **1 de agosto de 2023**, el matrimonio Cintrón-Molina, presentó *Réplica a "Oposición a Desestimación"*.[9] Mediante esta, reiteraron que las gestiones realizadas por el emplazador, para notificarles de manera adecuada y personalmente el emplazamiento personal, fueron insuficientes y pobres. Consecuentemente, el emplazamiento por edicto es nulo al incumplir con la doctrina aplicable.

Después de varios trámites procesales, el 30 de noviembre de 2023, el foro primario emitió una *Sentencia*

---

[9] *Réplica a "Oposición a Desestimación"*, anejo XXIII, págs. 157-163 del apéndice del *certiorari*.

*Parcial*, siendo notificada el 8 de diciembre de 2023.[10] Evaluadas las alegaciones de las partes, concluyó que la declaración jurada era insuficiente para justificar emplazar por edicto a la señora Molina, por lo que daba por anulado su emplazamiento por edicto, como el de la sociedad legal de bienes gananciales. Sin embargo, determinó que el emplazamiento por edicto del señor Cintrón, fue justificado, debido a que, éste tuvo conocimiento que el emplazador se encontraba en el condominio, y optó por no dar autorización para que entrara.

En desacuerdo, el 14 de diciembre de 2023, el matrimonio Cintrón-Molina presentó una *Solicitud de Reconsideración*.[11] De igual forma, el 26 de diciembre de 2023, Franklin Credit instó una *Solicitud de Reconsideración de Sentencia Parcial*.[12] No obstante, el foro primario denegó las solicitudes presentadas por las partes.[13]

Aun inconforme, el 26 de enero de 2024, el matrimonio Cintrón-Molina presentó el recurso de *certiorari* que nos ocupa, mediante el cual señaló los siguientes errores:

> A- Erró el Tribunal *a quo* al declarar No Ha Lugar la moción en solicitud de desestimación de la demanda por no haberse emplazado conforme a derecho a todas las partes demandadas dentro del término de 120 días provisto por la Regla 4.3(c) de Procedimiento Civil de 2009.
>
> B- Erró el Tribunal *a quo* al autorizar el emplazamiento por edicto del demandado Grabiel Cintrón González con una declaración jurada deficiente, débil y vaga que incumple totalmente con las disposiciones de la doctrina e incumple totalmente con jurisprudencia reciente de este Honorable

---

[10] *Sentencia Parcial*, anejo XXXIII, págs. 215-221 del apéndice del *certiorari*.
[11] *Solicitud de Reconsideración*, anejo XXXIV, págs. 222-230 del apéndice del *certiorari*.
[12] *Solicitud de Reconsideración de Sentencia Parcial*, anejo XXXV, págs. 231-237 del apéndice del *certiorari*.
[13] Véase, *Resolución*, anejo XXXVI, págs. 238-242, y anejo XXXVIII, págs. 243-244 del apéndice del *certiorari*.

Tribunal de Apelaciones que se cita en el presente escrito.

Por su parte, Franklin Management, mediante su recurso de apelación, señaló los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al desestimar sin perjuicio la Demanda en cuanto a la apelada Gloriana Molina Sánchez y la Sociedad Legal de Bienes Gananciales compuesta con Grabiel Cintrón González determinando erróneamente que la declaración jurada sometida por el emplazador en apoyo a la autorización de emplazamiento por edicto resulta insuficiente para justificar el emplazamiento a dicha parte.

> Erró el Honorable Tribunal de Primera Instancia al desestimar sin perjuicio la Demanda en cuanto a la apelada Gloriana Molina Sánchez y la Sociedad Legal de Bienes Gananciales compuesta con Grabiel Cintrón González sin tomar en consideración la totalidad de las diligencias realizadas [sic] por el emplazador y consignadas en su declaración jurada en apoyo a la autorización de emplazamiento por edicto las cuales revelan que la apelada se estaba escondiendo para no ser emplazada personalmente.

El 9 de febrero de 2024, el matrimonio Cintrón-Molina solicitó la consolidación de ambos casos. Por consiguiente, el 27 de febrero de 2024 ordenamos su consolidación.

En ambos recursos, las partes presentaron sus respectivos alegatos en oposición, por lo tanto, con el beneficio de la comparecencia de ambas partes, procedemos a disponer de los recursos de epígrafe.

**II.**

El emplazamiento es el vehículo procesal que se reconoce en nuestro ordenamiento jurídico para notificar a un demandado que existe una reclamación judicial en su contra. *Rivera Torres v. Diaz López*, 207 DPR 636 (2021); *Quiñones Román v. Compañía ABC*, 152 DPR 367 (2000). Es decir, se trata del mecanismo que disponen las Reglas de Procedimiento Civil, 32 LPRA Ap. V, para que el tribunal adquiera jurisdicción sobre la persona de la parte demandada. *Banco Popular v. SLG Negrón*, 164 DPR 855

(2005). Por tanto, no es hasta que la persona es debidamente emplazada –personalmente o por edicto- que esta puede ser considerada parte del pleito. *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997).

Las Reglas 4.3 y Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 y 4.4, establecen los requisitos que la parte demandante debe satisfacer para diligenciar el emplazamiento personalmente, mientras que la Regla 4.6, 32 LPRA Ap. V, R. 4.6, dispone lo referente al emplazamiento por edicto.

En relación con la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, esta dispone que:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega.

En lo pertinente, la Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a), provee para que el tribunal autorice el emplazamiento por edicto en las siguientes circunstancias:

> Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que **estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada**, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. (Énfasis nuestro).

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

Así, conforme a la regla antes expuesta, nuestro Tribunal Supremo ha expresado que, para que proceda el emplazamiento por edicto, se requiere que el demandante acredite, mediante una declaración jurada, las diligencias realizadas para localizar y emplazar al demandado. Es por ello que, la moción presentada debe contener hechos específicos y detallados, demostrativos de la diligencia, mas no meras generalidades. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982 (2020); *Banco Popular v. SLG Negrón,* supra. Sin la presentación de la declaración jurada o certificación suficiente no puede darse la comprobación judicial requerida por la Regla 4.6 de Procedimiento Civil, *supra*. Véase, *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 25 (1993); *Pagán v. Rivera Burgos*, 113 DPR 750, 755 (1983).

Es requisito esencial para la autorización del emplazamiento por edicto que el tribunal acredite, a su entera satisfacción, las diligencias efectuadas por el demandante para lograr el emplazamiento personal del demandado. Sin embargo, es el Tribunal de Primera Instancia quien debe evaluar si, en determinado caso, se han hecho las diligencias razonables necesarias para

obtener el paradero del demandado, antes de autorizar el emplazamiento alterno a la entrega personal. *Mundo v. Fuster,* 87 DPR 363, 372 (1963). Sobre el particular, nuestro Tribunal Supremo considera lo siguiente:

> [L]o fundamental para que se autorice el emplazamiento por edictos es que en la declaración jurada que acompañe la solicitud correspondiente se aduzcan hechos específicos que demuestren, en las circunstancias particulares del caso en que surja la cuestión, que el demandante ha realizado gestiones potencialmente efectivas para tratar de localizar al demandado y emplazarlo personalmente, y que a pesar de ello ha sido imposible encontrarlo. *Lanzó Llanos v. Banco de la Vivienda*, supra, págs. 513-514. Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado, y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo. *Íd.*, pág. 515. *Global v. Salaam*, 164 DPR 474, 483 (2005).

Por otro lado, la Regla 4.3(c) establece, en cuanto al término para diligenciar el emplazamiento, lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

En fin, que al interpretar el texto claro de la Regla 4.3(c) de Procedimiento Civil, *supra*, es forzoso concluir que el término de 120 días con que cuenta la parte demandante para diligenciar los emplazamientos no admite prórrogas, salvo únicamente en aquellos casos en que la Secretaría no expida los emplazamientos el mismo día que

se presenta la demanda. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021). En esos casos, la prórroga se limitaría a la cantidad de días de que conste la dilación de Secretaría de forma automática sin necesidad de hacer tal solicitud mediante moción. Según, nuestro Alto Foro esto se debe a:

> Establecer que en aquellos casos en que la Secretaría del foro de instancia no haya expedido los emplazamientos al momento de la presentación de la demanda, el demandante deberá, para poder preservar para sí íntegramente los 120 días que le concede la Regla, haber cumplido con presentar una moción solicitando que se expidan los emplazamientos, no solamente no se ajusta a la manera en que hemos interpretado ese texto, sino que tiene un alto riesgo de provocar una situación injusta y que choca con la intención del estatuto.
> ...
> Esto, no solo inundaría nuestras secretarías de mociones solicitando que se expidan los emplazamientos con cada causa de acción que se presente, sino que constituye un gasto y esfuerzo adicional innecesario pues, como ya implicamos, tal moción solo se justifica en el escenario de una tardanza irrazonable en la expedición de los emplazamientos. *Íd*, págs. 388-390.

Sobre este particular, nuestro Tribunal Supremo considera que "[l]a prórroga para emplazar sólo se concede en caso de tardanza en la expedición del emplazamiento; de lo contrario, estamos ante un término improrrogable." *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854 (2015), nota al calce núm. 11, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., San Juan, Ed. LexisNexis, 2010, sec. 2007, pág. 230.

De modo similar, nuestro Más Alto Foro reiteró recientemente este principio, cuando expresó que el referido término es "improrrogable y, consecuentemente, si en 120 días el demandante no ha podido diligenciar el emplazamiento automáticamente se desestimará su causa de acción." *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018).

Así también, se expresó en cuanto al supuesto en que una parte demandante solicita diligenciar emplazamientos personales y luego, en algún momento dentro del término improrrogable de ciento veinte (120) días, solicita emplazar por edicto. Sobre ese particular, el Tribunal Supremo resolvió que, "en esa circunstancia, el término improrrogable de ciento veinte días para emplazar comienza a trascurrir cuando se autoriza y se expide el emplazamiento por edicto." *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 984 (2020).

**III.**

En el presente caso, el matrimonio Cintrón-Molina alega que incidió el foro primario al denegar desestimar la demanda por no haber emplazados a todas las partes dentro del término de 120 días. A su vez que, erró al autorizar la expedición del emplazamiento por edicto del señor Cintrón, cuando la declaración jurada no cumplía con las disposiciones de dicha doctrina.

De otra parte, Franklin Credit, sostiene que erró el foro de instancia al desestimar la demanda en contra de la señora Molina y la Sociedad Legal de Bienes Gananciales, puesto que, la declaración jurada justificó la solicitud para emplazar por edicto.

Como desglosado, todos los señalamientos de error en los recursos consolidados impugnan, de una forma u otra, la corrección del emplazamiento por edicto a todos los demandados. Por ello, discutiremos conjuntamente la validez en derecho de los referidos emplazamientos por edicto.

Según surge del expediente, que el **20 de diciembre de 2022**, el mismo día que fue presentada la *Demanda*, la Secretaría del Tribunal de Primera Instancia expidió los correspondientes emplazamientos. A partir de la fecha de

expedición, comenzó a transcurrir el plazo de ciento veinte (120) días para que Franklin Credit diligenciara los emplazamientos, conforme dispone la Regla 4.3(c) de Procedimiento Civil, *supra*. Ante ello, el plazo vencía el **19 de abril de 2023.** Sin embargo, debido a los esfuerzos infructuosos para diligenciar el emplazamiento personal, el **16 de marzo de 2023,** Franklin Credit solicitó al foro primario autorización para diligenciar los emplazamientos mediante edicto. Junto con su solicitud, acompañó la debida acreditación de las diligencias efectuadas y los proyectos de emplazamientos por edicto. Así pues, el **17 de marzo de 2023,** el *foro a quo* emitió una *Orden* para que la Secretaría procediera a expedir los emplazamientos por edicto.

Sin embargo, el **7 de junio de 2023,** el matrimonio Cintrón-Molina compareció sin someterse a la jurisdicción, y solicitaron que la demanda fuera desestimada, puesto que, no fueron emplazados dentro de los 120 días provistos por la Regla 4.3(c) de Procedimiento Civil. A su vez, que las gestiones realizadas por el emplazador fueron insuficientes.

Sobre lo anterior, ya hemos resaltado que la Regla 4.4 de Procedimiento Civil, *supra*, dispone que el emplazamiento personal es la entrega de la demanda y el emplazamiento al demandado. Sin embargo, las Reglas de Procedimiento Civil permiten a manera de excepción los emplazamientos mediante edictos. Para que el mismo sea válido, la parte que solicita a llevar a cabo el mismo, debe cumplir estrictamente con los requisitos que exige la Regla 4.6 de las de Procedimiento Civil, *supra*. La cual, establece que cuando el emplazamiento personal no pueda efectuarse, puesto que la persona a ser emplazada estando en Puerto Rico no pudo ser localizada después de realizadas

las diligencias pertinentes o se oculte para no ser emplazada, y así lo pruebe mediante declaración jurada la cual debe expresar las diligencias, el tribunal podrá dictar una orden para que se expida el emplazamiento por edicto. A su vez, la solicitud se debe llevar a cabo dentro del término de 120 días.

Conforme se desprende de la relación de hechos, Franklin Credit cumplió con las disposiciones establecidas en las Reglas de Procedimiento Civil. Resulta evidente que, Franklin Credit presentó una solicitud para emplazar por edicto dentro del término aplicable, junto con una declaración jurada, mediante la cual el emplazador acreditó las gestiones llevadas a cabo para localizar al matrimonio Cintrón-Molina. Según surge de la declaración jurada del señor Martínez, concluimos que las gestiones que realizó, dirigidas a localizar al matrimonio Cintrón-Molina con el objetivo de emplazarlos personalmente, fueron suficientes, según las exigencias de la Regla 4.6 de Procedimiento Civil, *supra*.

Según aparece en la declaración jurada, el señor Martínez se personó en múltiples ocasiones a la propiedad en la Urb. Vista Lago en Ciudad Jardín en Gurabo, como al Condominio Tierra del Sol en Humacao. En este último, logró dialogar con el guardia de seguridad, quien le indicó que el señor Cintrón no le autorizaba su acceso. A su vez, tuvo comunicación con la administradora del Condominio, y le confirmó que el señor Cintrón residía allí, aunque no la señora Molina. De igual forma, se personó al lugar donde trabajaban los demandados, como a su vez, acudió al Cuartel de la Policía y Alcaldía de Gurabo. Es evidente, por tanto, que la declaración jurada del emplazador demostró su diligencia, por lo que procedía el emplazamiento por edicto.

Por tanto, el foro primario no erró al desestimar la causa de acción en cuanto al señor Molina. No obstante, incidió en desestimar la demanda contra la señora Molina y la Sociedad Legal de Bienes Gananciales compuesta con el señor Cintrón, puesto que, Franklin Credit solicitó dentro de los 120 días autorización para emplazar por edicto, puesto que, luego de las múltiples diligencias que hizo el emplazador para localizar al matrimonio Cintrón-Molina en persona, éstas resultaron infructuosas.

## IV.

Por los fundamentos antes expuestos, específicamente por determinar que todas las partes demandadas fueron correctamente emplazadas, **MODIFICAMOS** la *Sentencia Parcial* emitida el 30 de noviembre de 2023, notificada el 8 de diciembre de 2023, para **REVOCAR** la desestimación de la *Demanda* contra Gloriana Medina Sánchez y la Sociedad Legal de Bienes Gananciales compuesta por ella y su esposo Grabiel Cintrón González, y **CONFIRMAR** la parte de la referida sentencia que dispuso que procedía el emplazamiento contra el señor Cintrón González. Consecuentemente, devolvemos el caso ante la consideración del Tribunal de Primera Instancia, Sala Superior de Caguas, para la continuación de los procedimientos de forma consistente con nuestros pronunciamientos, y con la participación como parte de todos los demandados.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones