ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SALVADOR ENRIQUE RAMÍREZ CARDONA; EVELINA RAMÍREZ CARDONA; LYDIA WALESKA RAMÍREZ CARDONA; LYDIA MERCEDES CARDONA FUENTES; CARLOS ENRIQUE RAMÍREZ CARDONA; SALVADOR RAMÍREZ ARROYO<br><br>Parte Apelada<br><br>v.<br><br>MARÍA PROVIDENCIA CARDONA FUENTES; CELIA MARÍA RIVERA CARDONA; ANÍBAL ENRIQUE BÁEZ RIVERA; NATALIE MARIE BÁEZ RIVERA<br><br>Parte Apelada<br><br>v.<br><br>STEVEN JOHN MORALES; ROBERT OMAR MORALES; TOMÁS DAVID MORALES<br><br>Parte Interventora-Apelante | TA2025AP00616 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de San Sebastián<br><br><br>Caso Núm.: SS2022CV00508<br><br>Sala: 0002<br><br><br><br>Sobre: División de Herencia |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Compareció ante este Tribunal la parte apelante, los señores Steven John Morales, Robert Omar Morales y Tomás David Morales (en adelante, "Peticionarios" o "Interventores"), mediante un mal denominado recurso de apelación presentado el 1 de diciembre de 2025. Nos solicitaron la revocación de la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de San Sebastián (en adelante, "TPI"), por medio de la cual dicho foro denegó una solicitud para que se dejara sin

efecto una *Sentencia* dictada en el caso el 19 de mayo de 2025. Dicha determinación fue objeto de una "**Moción en Solicitud de Reconsideración**" presentada por los Apelantes que fue denegada mediante dictamen notificado el 30 de octubre de 2025.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y *revocamos* la *Resolución Interlocutoria* recurrida.

**I.**

El presente caso tuvo su origen el 7 de agosto de 2022, con la presentación de una "**Demanda**" por parte de los señores Salvador Enrique Ramírez Cardona, Evelina Ramírez Cardona, Lydia Waleska Ramírez Cardona, Lydia Mercedes Cardona Fuentes y Carlos Enrique Ramírez Cardona (en adelante, los "Recurridos") sobre la división de la comunidad hereditaria de la Sra. Raquel Lucinda Cardona Fuentes t/c/c Raquel Cardona Fuentes. Expusieron que, a su muerte, la mayoría de los bienes de la causante eran privativos, con excepción de una cuenta específica de la cual era dueña en común pro indiviso con su difunto esposo.

Sostuvieron que ésta había otorgado testamento el 2 de marzo de 2019 y que había instituido como herederos a varias personas sobre los bienes que presuntamente formaban parte de su caudal. Añadieron que habían intentado exhaustivamente entre ellos dividir la comunidad hereditaria y no había sido posible, por lo que solicitaron que el TPI ordenara la división de dicha comunidad.

El 9 de agosto de 2022, se expidieron los correspondientes emplazamientos. Así las cosas, y en lo que respecta a la controversia que nos ocupa, los Recurridos presentaron ante el TPI una "**Moción Sometiendo Emplazamientos Diligenciados**" en la que sometió –entre otros– el emplazamiento diligenciado de la codemandada y menor de edad, Natalie Marie Báez Rivera, por conducto de Celia M. Rivera Cardona. Es menester destacar que de la constancia del diligenciamiento de dicho emplazamiento se desprende que el mismo fue entregado por conducto del padre de la menor, Enrique Rivera Orengo.

Así las cosas, el 8 de noviembre de 2022, el TPI emitió Orden por medio de la cual concluyó lo siguiente: (1) que el emplazamiento dirigido a los menores de edad no se realizó conforme a derecho, toda vez que ambos eran mayores de catorce (14) años y, por tanto, debió diligenciarse con copia de la "**Demanda**" tanto éstos como a su padre o madre con patria potestad o tutor; y (2) que la constancia del emplazamiento expedido a nombre del codemandado, Enrique Báez Orengo, estaba en blanco. En vista de todo lo anterior, dispuso que no se podía autorizar ninguna distribución de bienes en el caso hasta tanto el foro recurrido adquiriera jurisdicción sobre la persona de todas las partes. Surge de los autos electrónicos del TPI que de dicha determinación no se solicitó reconsideración o se recurrió ante este Tribunal de Apelaciones.

Tras dicho dictamen, el 5 de diciembre de 2022, compareció el codemandado, Salvador Ramírez Arroyo, en calidad de albacea testamentario, mediante "**Moción en Cumplimiento de Orden y Solicitud de Expedición de Emplazamiento**" en la que solicitó que se expidiera un nuevo emplazamiento a nombre de la menor Natalie Marie Báez Rivera, toda vez que no había diligenciado el primer emplazamiento expedido, de conformidad con la Regla 4.4 (b) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4 (b). El 26 de enero de 2023, se sometió ante el TPI el segundo emplazamiento expedido a nombre de la menor y de su constancia se desprende que el mismo fue diligenciado el 25 de enero de 2023.

Varios días más tarde, los Recurridos presentaron "**Moción Solicitando Anotación de Rebeldía de Término para Radicar Sentencia Sumaria**", en la que solicitaron, entre otras cosas, que se le anotara la rebeldía a la menor, Natalie Marie Báez Rivera. Entretanto, el 2 de marzo de 2023, los Peticionarios presentaron "**Moción Solicitando Permiso para Intervenir**" en la que sostuvieron que eran los herederos del Sr. Omar Tomás Morales Vélez, quien en vida fue el cónyuge de la Sra. Raquel Lucinda Cardona Fuentes. Adujeron que, conforme se desprendía de la "**Demanda**", existían bienes en común pro indiviso con la señora Cardona Fuentes que estaban en comunidad y de los cuales eran titulares como

herederos del que fue cónyuge de ésta en vida. En vista de ello, solicitaron al Tribunal que les autorizara su intervención en el pleito.

El 13 de marzo de 2023, el foro *a quo* emitió *Orden* mediante la cual le anotó la rebeldía a la menor de edad, Natalie Marie Báez Rivera. Posteriormente, el TPI dictó otra *Orden* a través de la cual autorizó la intervención de los Peticionarios. Luego de múltiples trámites procesales impertinentes, el 23 de mayo de 2025, el foro recurrido emitió *Sentencia* distribuyendo los bienes del caudal en comunidad sujetos a la controversia que nos ocupa. En reacción a lo anterior, el 20 de junio de 2025, los Peticionarios presentaron una moción para que se dejara sin efecto la antedicha *Sentencia*. Fundamentaron su solicitud en que aludieron a la *Orden* de 8 de noviembre de 2022 para expresar que no procedía dictar disponer del caso finalmente, toda vez que la constancia del diligenciamiento de los emplazamientos expedidos a nombre de los codemandados, Enrique Báez Orengo y María Providencia Cardona Fuentes, estaban en blanco y que éstos eran partes indispensables en el pleito.

El 1 de agosto de 2025, los Recurridos presentaron "**Réplica a 'Moción Solicitando Se Deje Sin Efecto Sentencia en al Caso de Epígrafe**" por medio de la cual acreditaron el diligenciamiento efectivo de dichos codemandados y, por tanto, solicitaron se declarara "No Ha Lugar" la solicitud de relevo de sentencia presentada por los Peticionarios. El 9 de septiembre de 2025, nuevamente comparecieron los Interventores mediante "**Moción en Cumplimiento de Orden**" en la que sostuvieron que aun cuando se hubiera acreditado el diligenciamiento de los anteriores emplazamientos, se desprendía de los autos que el emplazamiento de la menor, Natalie Marie Báez Rivera, fue diligenciado fuera del término de 120 días que dispone la Regla 4.3 (c) de Procedimiento Civil, *infra*. Adicionalmente, expresaron que dicho diligenciamiento incumplió con la Regla 4.4 (b) de Procedimiento Civil, *supra*, pues no se le entregó copia de la "**Demanda**" junto con el emplazamiento a la menor y a uno de sus

padres. En vista de la anterior realidad, argumentaron que procedía la desestimación del caso, por falta de parte indispensable.

Luego de que los Recurridos presentaran su *Dúplica*, el TPI emitió una *Resolución Interlocutoria* mediante la cual denegó la solicitud de relevo de sentencia presentada por los Peticionarios. Insatisfechos, los Interventores presentaron una "**Moción en Solicitud de Reconsideración**" que fue declarada "No Ha Lugar" por el foro de instancia mediante *Resolución Interlocutoria* notificada el 30 de octubre de 2025.

Aun inconformes, los Peticionarios presentaron el recurso que nos ocupa y le imputaron al foro recurrido la comisión de los siguientes errores:

**PRIMER ERROR: COMETIÓ ERROR EL TPI AL DETERMINAR QUE LA MENOR NATALIE MARIE BÁEZ RIVERA FUE EMPLAZADA CONFORME A DERECHO Y QUE POR TANTO ADQUIRIÓ JURISDICCIÓN.**

**SEGUNDO ERROR: COMETIÓ ERROR EL TPI AL DETERMINAR QUE LAS SUMAS DE DINERO RECIBIDAS POR EL SR. OMAR TOMÁS MORALES, DE SU PENSION DE SEGURO SOCIAL, DURANTE EL MATRIMONIO SON DE CARÁCTER GANANCIAL Y POR TANTO SÓLO SE LE ADJUDICÓ UN 50% DE LA SUMA RECIBIDA.**

**TERCER ERROR: COMETIÓ ERROR EL TPI AL DETERMINAR QUE LA SOCIEDAD DE GANANCIALES COMPUESTA POR OMAR TOMÁS MORALES Y DOÑA RAQUEL LUCINDA CARDONA FUENTES SOLO TIENE DERECHO A LA APORTACIÓN HECHA AL PAGO HIPOTECARIO Y NO AL POR CIENTO DE INCREMENTO EN VALOR DE LA PROPIEDAD, CONFORME A LA APORTACIÓN AL PAGO DE LA HIPOTECA.**

**CUARTO ERROR: COMETIÓ ERROR EL TPI EN LAS ADJUDICACIONES REALIZADAS A LOS HEREDEROS DEL CAUSANTE OMAR TOMÁS MORALES VÉLEZ.**

El 8 de diciembre de 2025, los Recurridos presentaron una "**Moción de Desestimación de Recurso de Apelación**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

La Regla 49.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R.49.2, dispone el mecanismo procesal que se tiene disponible para solicitar el relevo de los efectos de una sentencia adversa cuando esté presente alguno de las razones allí expuestas. El propósito de dicha Regla

consiste en impedir que se frustren los fines de la justicia mediante tecnicismos y sofisticaciones. García Colón et al. v. Sucn. González, 178 DPR 527, 539 (2010). Este remedio permite al tribunal realizar un balance entre dos principios de cardinal importancia en nuestro sistema legal: (1) que todo litigio sea resuelto y tenga su conclusión y (2) que en cada caso se imparta justicia. Náter v. Ramos, 162 DPR 616, 624 (2004). En detalle, la referida Regla dispone que el tribunal puede relevar a una parte de una sentencia, orden o procedimiento cuando exista alguno de los siguientes fundamentos:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. 32 LPRA Ap. V, R.49.2.

Para que proceda el relevo de sentencia bajo la antedicha Regla, es necesario que el peticionario justifique su solicitud amparándose en al menos una de las causales anteriormente mencionadas. García Colón et al. v. Sucn. González, *supra*, pág. 540. No obstante lo anterior, relevar a una parte de los efectos de una sentencia adversa es una decisión discrecional de los tribunales, excepto en los casos de nulidad o cuando la sentencia ya ha sido satisfecha. Náter v. Ramos, *supra*, pág. 624. **Así pues, nuestro Tribunal Supremo ha expresado que el precepto debe interpretarse de manera liberal y cualquier duda debe resolverse a favor de la persona que solicita que se deje sin efecto la sentencia, a fin de que el proceso continúe y la controversia pueda resolverse en sus méritos**. García Colón *et al.* v. Sucn. González, *supra*, pág. 541. Es

decir, este mecanismo procesal postsentencia no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación. Íd.

**B.**

En nuestro sistema adversativo, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial". Acosta v. ABC, Inc., 142 DPR 927, 931 (1997); Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 22 (1993); Pagán v. Rivera Burgos, 113 DPR 750, 754 (1983). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. Martajeva v. Ferré Morris y otros, 210 DPR 612, 620 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021).

Los requisitos de un emplazamiento son de cumplimiento estricto, ya que su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. Torres Zayas v. Montano Gómez *et al.*, 199 DPR 458, 468 (2017), Quiñones Román v. Cía. ABC, 152 DPR 367, 374 (2000). A tales efectos, todo demandado tiene el derecho a ser emplazado "conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley". First Bank of P.R. v. Inmob. Nac., Inc., 144 DPR 901, 916 (1998).

En esta misma línea, la Regla 4 de Procedimiento Civil regula lo concerniente a la expedición y diligenciamiento de los emplazamientos. 32 LPRA Ap. V, R. 4. Específicamente, establece que le corresponde a la parte demandante presentar el formulario de emplazamiento conjuntamente con

la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. 32 LPRA Ap. V, R. 4.1. Respecto al término para diligenciar el emplazamiento, la Regla 4.3 (c) de Procedimiento Civil dispone expresamente que este debe ser gestionado "**en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto**". 32 LPRA Ap. V, R. 4.3 (c) (énfasis suplido). En caso de que el Secretario o Secretaria no los expida el mismo día de presentarse la demanda, el tiempo que demore será el mismo tiempo adicional que el Tribunal de Primera Instancia le otorgará al demandante para diligenciar los emplazamientos, siempre y cuando este haya presentado oportunamente una solicitud de prórroga. Íd. Una vez transcurre el mencionado plazo, sin que se hay diligenciado el emplazamiento, le corresponde al Tribunal dictar sentencia decretando la desestimación y archivo sin perjuicio de la demanda. Íd.

Es menester destacar que nuestro Tribunal Supremo ha expresado que el mencionado término de 120 días es inextensible y comienza a contar una vez la Secretaría del Tribunal expide el emplazamiento. Bernier González v. Rodríguez Becerra, 200 DPR 637, 649 (2018). Asimismo, ha señalado que la mal denominada prórroga a la que alude la Regla 4.3 de Procedimiento Civil, *supra*, en realidad se refiere a la obligación del demandante de presentar una moción al Tribunal solicitando la expedición de los emplazamientos en caso de que la Secretaría del Tribunal no los haya emitido el día de la presentación de la demanda. Íd., pág. 650. Es decir, dicha disposición no constituye una verdadera prórroga, sino un mecanismo procesal dirigido a asegurar la continuidad de los procedimientos judiciales. Así pues, entendió el alto foro judicial que no puede recurrirse a las disposiciones de la Regla 68.2 de Procedimiento Civil para que el juez conceda una prórroga al término para emplazar debido a que estaría en contravención con la intención legislativa. Íd.

Más aún, coligió el Tribunal Supremo en *Bernier* que **no cabe hablar de discreción judicial a la hora de prorrogar el término que dispone la Regla 4.3 (c) de Procedimiento Civil, *supra*, para diligenciar el**

**emplazamiento**. Cónsono con lo anterior, en <u>Pérez Quiles v. Santiago Cintrón</u>, 206 DPR 379 (2021), el Tribunal Supremo resolvió que el "término de 120 días para diligenciar un emplazamiento comenzará a trascurrir, *sin ninguna otra condición o requisito*, una vez la Secretaría del tribunal expida el emplazamiento". <u>Íd</u>., pág. 381 (énfasis en el original). De hecho, se reiteró lo resuelto en *Bernier* a los fines de que "que la 'moción de prórroga' a la que alude la Regla 4.3 (c) de Procedimiento Civil, *supra*, **no se refiere a una solicitud para ampliar del término de 120 días como tal**". <u>Íd</u>., pág. 385 (énfasis suplido).

Así pues, dispuso el Tribunal Supremo que la llamada "prórroga" se utilizará únicamente en aquellas instancias en las que la Secretaría del tribunal de instancia observe un retraso irrazonable en la expedición de los emplazamientos. <u>Íd</u>., pág. 386. Nuevamente, el alto foro judicial concluyó que, conforme lo resuelto en Bernier, procedía una desestimación automática cuando dicho plazo transcurría sin que se presentara ante el Tribunal de Primera Instancia evidencia del diligenciamiento. <u>Ross Valedón v. Hosp. Dr. Susoni *et al.*</u>, 213 DPR 481, 488-489 (2024). Cónsono con ello, se resolvió lo siguiente:

> **En consecuencia, <u>hoy pautamos</u> sin ambages que ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar <u>prontamente</u> una sentencia en la cual decreten la desestimación y el archivo sin perjuicio de la reclamación judicial.** <u>Íd</u>., pág. 492 (énfasis en el original).

**III.**

En su primer señalamiento de error, los Peticionarios plantean que el TPI incidió al no conceder la solicitud de relevo de sentencia, toda vez que la menor Natalie Marie Báez Rivera no fue emplazada conforme lo dispone la Regla 4.4 (b) de Procedimiento Civil, *supra*, lo cual provocó que el foro primario no adquiriera jurisdicción sobre una parte indispensable en el pleito. Veamos.

Según se desprende de los autos del TPI, el 7 de agosto de 2022, los Recurridos presentaron la "**Demanda**" que nos ocupa. Dos (2) días después fueron expedidos los emplazamientos de los codemandados, incluyendo el de la menor en controversia. Dicha realidad fáctica implica

que los Recurridos tenían hasta el **7 de diciembre de 2022** para diligenciar personalmente los emplazamientos o solicitar, conforme a derecho, la expedición de emplazamientos por edictos.

Así las cosas, el 23 de agosto de 2022, los Recurridos hicieron formar parte del expediente el emplazamiento de la menor. De la constancia de su diligenciamiento surge que el mismo fue entregado personalmente únicamente a su padre. Varios meses más tarde, el TPI emitió una *Orden* en la que advirtió que el aludido emplazamiento no fue diligenciado correctamente, pues no se entregó copia del mismo y de la "**Demanda**" a la menor de edad, quien a ese entonces tenía catorce (14) años o más. Por tanto, expuso que no se podía otorgar el remedio solicitado hasta tanto no adquiriera jurisdicción sobre su persona válidamente.

Ante tales circunstancias, y en reconocimiento expreso de que el diligenciamiento del emplazamiento fue ineficaz, el 5 de diciembre de 2022 los Recurridos presentaron un nuevo emplazamiento a nombre de la menor para ser expedido por la Secretaría del TPI. **Nótese que dicho trámite se inició a los 118 días desde que se expidieron originalmente los emplazamientos y habiéndole advertido el Tribunal del error en el diligenciamiento casi 30 días antes**. Es menester destacar que 17 días más tarde fue que los Recurridos presentaron moción para solicitar que el emplazamiento de la menor fuera expedido nuevamente por el Tribunal. No fue sino hasta el **25 de enero de 2023** que se diligenció el segundo emplazamiento expedido a nombre de la menor. Es decir, a **173 días** de presentada la "**Demanda**".

De conformidad con el estado de derecho reseñado, una vez expedidos los emplazamientos personales, la parte demandante cuenta con 120 días para diligenciar los mismos o solicitar la expedición de los emplazamientos por edictos, en cumplimiento con la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6. Un primer incumplimiento con ello obliga al juez de instancia a desestimar el pleito, sin perjuicio. Sobre esto no existe discreción. En palabras del Tribunal Supremo, ante un escenario como este "**los tribunales están obligados a**

**dictar <u>prontamente</u> una sentencia en la cual decreten la desestimación y el archivo sin perjuicio de la reclamación judicial**". <u>Ross Valedón v. Hosp. Dr. Susoni *et al.*</u>, *supra*, pág. 492 (énfasis en el original). Esto porque el término dispuesto en la Regla 4.3 (c) de Procedimiento Civil, *supra*, es improrrogable.

Según hemos adelantado, los Recurridos tenían hasta el 7 de diciembre de 2022 para emplazar efectivamente a todos y cada uno de los herederos que fueron codemandados. Sin embargo, fue el 25 de enero de 2023 que se diligenció el emplazamiento de la menor y coheredera de la Sucesión cuya división se solicitó en la "**Demanda**". En vista de lo anterior, lo procedente en derecho era que el TPI emitiera una sentencia desestimando, sin perjuicio, el pleito por dejar de emplazar a una parte indispensable dentro del plazo de 120 días de expedido originalmente su emplazamiento. No olvidemos que la sucesión no tiene personalidad jurídica independiente de los miembros que la componen y para poder reclamar una acción relacionada con una herencia es imprescindible que se incluyan a cada uno de los miembros que componen la sucesión del causante. Entiéndase, todos los herederos son parte indispensable en este tipo de pleito. <u>Vilanova v. Vilanova</u>, 184 DPR 824, 839-840 (2012).

Lo anterior refleja que la *Sentencia* emitida por el foro recurrido el 19 de mayo de 2025 es nula, por haberse dictado sin jurisdicción sobre la persona de la menor, Natalie Marie Báez Rivera, quien es heredera y parte indispensable en el pleito. Ello, a su vez, implica que el TPI debió haber concedido la solicitud de relevo de sentencia presentada por los Peticionarios. Concluimos, pues, que el TPI erró al denegar dicha solicitud.

Ante tales circunstancias, se hace innecesario evaluar los méritos de la "**Moción de Desestimación de Recurso de Apelación**" presentada por los Recurridos y del restante de los señalamientos de error esbozados en el recurso que nos ocupa, pues los argumentos que exponen ambas partes están relacionados con una *Sentencia* que es nula *ab initio*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, *expedimos* el auto de *certiorari* ante nuestra consideración y *revocamos* la *Resolución Interlocutoria* recurrida. En consecuencia, se desestima, sin perjuicio, la "**Demanda**" por incumplimiento con el diligenciamiento del emplazamiento de la menor Natalie Marie Báez Rivera dentro del término de 120 días que establece la Regla 4.3 (c) de Procedimiento Civil, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones