ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| FIRSTBANK PUERTO RICO<br><br>Apelante<br><br>v.<br><br>SUCESIÓN DE CARMEN LEYDA TORRES ORTIZ T/C/C CARMEN Y OTROS<br><br>Apelados | TA2026AP00013 | Recurso de *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV07451<br><br>Sobre: Cobro de Dinero; Ejecución de Hipoteca |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2026.

Comparece FirstBank Puerto Rico ("FirstBank" o "Apelante") mediane *Apelación* y nos solicita que revoquemos una *Sentencia Parcial* emitida el 7 de octubre de 2025, notificada el 8 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). En virtud del aludido dictamen, el TPI desestimó la demanda en cuanto a Jorge Luis Colón Torres, por falta de emplazamiento oportuno.

Por los fundamentos que proceden, se *revoca* la *Sentencia Parcial* apelada.

**I.**

El 13 de agosto de 2024, FirstBank presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca en contra de la Sucesión de Carmen Leyda Torres Ortiz, compuesta por Jorge Luis Colón Torres ("señor Colón Torres") y Leyda Deliz Colón Torres ("señora Colón Torres") (en conjunto, "hermanos Colón-Torres" o "Apelados").

Posteriormente, el 19 de noviembre de 2024, FirstBank instó una *Solicitud de Emplazamiento por Edicto.* Adujo que, a pesar de las gestiones realizadas, no había dado con el paradero de los hermanos Colón-Torres. Para sustentar su petición, anejó una declaración jurada suscrita por el emplazador, en la cual relató los esfuerzos llevados a cabo para emplazar a los apelados. El emplazador

relató que, en múltiples ocasiones se personó en la residencia a ser ejecutada, la cual también figuraba como la última dirección conocida de los hermanos Colón-Torres. De manera particular, detalló lo siguiente:

5. Que el 3 de septiembre de 2024, a las 7:40am, me personé a la Urb. El Señorial, 2058, Calle Fernando de Rojas, San Juan PR, el portón de acceso se encontraba abierto, en la propiedad nadie salió a mi llamado no empecé a que había varios carros estacionados, la estructura es una de dos niveles.

6. Que el día 14 de septiembre de 2024, llamé al número suplido por la parte demandante [...], hablé con *Leyda Deliz Colón Torres*, al explicarle el motivo de mi llamada, dijo que como era posible que le hubieses radicado demanda, que no sabía nada, coordinamos para entregarle en otro momento ya que según ella no estaba disponible.

7. Que el día 25 de septiembre de 2024, a las 10:10am, fui nuevamente a la Urb. El Señorial, 2058, Calle Fernando de Rojas, San Juan PR, la guardia de seguridad me dejó pasar, nadie salió a mi llamado, dejé una nota con mi nombre y número telefónico en la entrada. Estando allí llamé al número [de la parte demandante], no hubo respuesta, envié mensaje de texto.

8. Que el día 13 de octubre de 2024, a las 11:47am, volví a la Urb. El Señorial, San Juan PR, la guardia de seguridad no me dio acceso, según ella la residente de la 2058 Calle Fernando de Rojas, le indicó que estaba de vacaciones y no se encontraba al momento de mi visita.

9. Que el día 14 de octubre de 2024, a las 2:30pm, fui nuevamente a la Urb. El Señorial, San Juan PR, guardia Colón de seguridad no me dio acceso, según indicó en la 2058 Calle Fernando de Rojas, no había nadie en ese momento, que la residente le dijo que se encontraba resolviendo un asunto familiar. Otra vez llamé [...], no hubo respuesta.[1]

Asimismo, expuso que realizó búsquedas cibernéticas en *Google, Facebook* y *SuperPagesPR*, con la intención de encontrar direcciones, números telefónicos o cualquier información adicional que ayudara a dar con el paradero de los apelados. Añadió que acudió a la alcaldía de San Juan, al Cuartel de la Policía de San Juan y al Correo General de San Juan. Sin embargo, manifestó que ninguna de las gestiones arrojó resultados.

A solicitud del foro de instancia, el 3 de diciembre de 2024, el peticionario presentó evidencia de las búsquedas cibernéticas realizadas para localizar a los hermanos Colón-Torres. Así, pues, el 17 de diciembre de 2024, el TPI emitió una *Orden* mediante la cual autorizó los emplazamientos por edicto del señor y la señora Colón Torres.

---

[1] Véase, SUMAC, TPI, Entrada Núm. 3, Anejo 1.

El 5 de febrero de 2025, FirstBank notificó una *Moción Presentado Emplazamiento Publicado y Solicitud de Referido a Mediación Compulsoria*. Señaló que, el 14 de enero de 2025, publicó en el periódico *The San Juan Daily Star* los emplazamientos por edicto correspondientes.

Posteriormente, el 24 de febrero de 2025, el foro de instancia dictaminó una *Resolución Paralización* y una *Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas*.

Culminado el proceso de mediación, el 27 de junio de 2025, el CMC le notificó al TPI los resultados. Relató que celebró tres citas a las cuales solo comparecieron FirstBank y el señor Colón Torres. Dispuso que, en vista de que los hermanos Colón-Torres no completaron los documentos y ante las ausencias de la señora Colón Torres, daba por concluida su intervención.

Ese mismo día, el TPI emitió una *Orden* para la continuación de los procedimientos. El 14 de julio de 2025, los hermanos Colón-Torres presentaron una *Moción Asumiendo Representación Legal y Solicitud de Nulidad de los Procedimientos*. Arguyeron que el emplazamiento por edicto resultaba improcedente, toda vez que se encontraban disponibles para ser emplazados personalmente. Precisaron que la señora Colón Torres vive en la propiedad objeto de ejecución y duerme allí todas las noches, por ende, razonaron que bastaba con que el emplazador fuera luego de las 6:00 p.m. para diligenciar el emplazamiento. Sostuvieron, además, que advinieron en conocimiento sobre el caso de epígrafe al ser citados por el mediador.

El 5 de agosto de 2025, FirstBank radicó su *Oposición a Moción Solicitando Nulidad de los Procedimientos*. Expuso que los hermanos Colón-Torres fueron emplazados mediante edicto el 14 de enero de 2025. Reiteró, a su vez, que la señora Colón Torres había sostenido conversaciones directas con el emplazador y esta le indicó que no se encontraba disponible para recibir el emplazamiento. Por otro lado, razonó que, dado a que el señor Colón Torres compareció a las citaciones del CMC, el emplazamiento por edicto había cumplido su propósito de notificarle sobre el pleito.

Consecuentemente, el 21 de agosto de 2025, se celebró una vista en la cual las partes tuvieron la oportunidad de discutir la solicitud sobre nulidad de emplazamiento. Aquilatados los argumentos, el 7 de octubre de 2025, notificada el día siguiente, el TPI dictó una *Sentencia Parcial*. Concluyó que la *Declaración Jurada* suscrita por el emplazador era suficiente para autorizar el emplazamiento por edicto de la señora Colón Torres. Particularizó que, en ella, se consignaron diligencias específicas para localizar a la apelada en su residencia en fechas y horas distintas, así como comunicaciones directas, las cuales no fueron exitosas.

No obstante, explicó que la *Declaración Jurada* no menciona las gestiones específicas realizadas para emplazar al señor Colón Torres. Consignó que, a pesar de que, se efectuó una búsqueda electrónica en cuanto al señor Colón Torres, no surgen otras diligencias llevadas a cabo. Además, dispuso que la comparecencia del señor Colón Torres al proceso de mediación no subsanó las deficiencias del emplazamiento. Por tanto, declaró Ha Lugar parcialmente la solicitud de nulidad de procedimiento y, como resultado, desestimó parcialmente la acción únicamente en contra del señor Colón Torres.

Insatisfecho, el 23 de octubre de 2025, FirstBank presentó una *Moción de Reconsideración Parcial*, la cual fue denegada el 1 de diciembre de 2025. Inconforme aún, el 7 de enero de 2025, acudió ante nos mediante *Apelación* en la cual le imputó al foro de instancia la comisión de los siguientes errores:

> **Erró el TPI al reconsiderar la determinación para emplazar por edicto, dejarla sin efecto y desestimar la demanda contra el codemandado Jorge Luis Colón Torres toda vez que la parte demandante lo emplazó conforme derecho y a tenor con la jurisprudencia interpretativa. Lo anterior ya que las gestiones realizadas para dar con su paradero fueron a satisfacción del Tribunal según requiere la Regla 4.6 de Procedimiento Civil.**

> **La petición de nulidad de los procedimientos del 14 de julio de 2025 carece totalmente de cualquier argumento legal y/o evidencia que pudiese rebatir el alcance probatorio de la declaración jurada del emplazador incluida en la solicitud para emplazar por edicto del 19 de noviembre de 2024. Consecuentemente, la parte demandada se basó en meras alegaciones lo que impide que el TPI conceda el remedio solicitado por estos por craso incumplimiento con el ordenamiento jurídico procesal.**

> **En la alternativa, el codemandado Jorge Luis Colón Torres se sometió voluntariamente a la jurisdicción del Tribunal al acatar la orden judicial del 24 de febrero de 2025, refiriendo el asunto**

**a mediación compulsoria a tenor con la Ley 184-2012, según enmendada, donde dicha parte compareció y negoció con la demandante en el Centro de Mediación durante tres (3) meses sin lograr un acuerdo, bajo pena de desacato.**

El 13 de enero de 2026, notificada el 20 de enero de 2026, este Tribunal emitió una *Resolución* en virtud de la cual le concedimos a la parte apelada un término de treinta (30) días para presentar su alegato en oposición. Transcurrido el término otorgado, damos por perfeccionado el recurso y procedemos a resolver.

## II.

En nuestro sistema adversativo, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial." *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993); *Pagán v. Rivera Burgos*, 113 DPR 750, 754 (1983). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 5 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021).

Los requisitos de un emplazamiento son de cumplimiento estricto, ya que su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Torres Zayas v. Montano Gómez et al.*, 199 DPR 458, 468 (2017), *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000). Nuestro más Alto Foro ha resuelto que:

> [E]xiste en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley. *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 916 (1998).

Ante un emplazamiento defectuoso, el tribunal está impedido de actuar contra una persona, y si lo hace, la sentencia que recaiga será nula por falta de jurisdicción sobre la persona. *Rivera v. Jaume*, 157 DPR 562, 573-574

(2002); *Lonzo Llanos v. Banco de la Vivienda*, 133 DPR 507 (1993); *Reyes v. Oriental Fed. Savs. Bank, supra*, pág. 21.

Ahora bien, los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4. Tales requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 645 (2018); *Quiñones Román v. Cía. ABC, supra*, pág. 374.

Como norma general, la notificación que exige la garantía del debido proceso de ley se satisface por medio de la entrega personal del emplazamiento y la demanda a cada demandado. A manera de excepción, las Reglas de Procedimiento Civil permiten el emplazamiento por edicto en determinadas circunstancias. Según la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V., R. 4.6, el emplazamiento se podrá diligenciar mediante edicto cuando la persona a ser emplazada: (1) esté fuera de Puerto Rico; (2) estando en Puerto Rico, no pudo ser localizada después de realizadas las diligencias pertinentes; (3) se oculte para no ser emplazada; o (4) es una corporación extranjera sin agente residente.

Al solicitar un emplazamiento por edicto, se deberá presentar una declaración jurada que compruebe a satisfacción del Tribunal las diligencias llevadas a cabo para localizar a la persona a ser emplazada. *Íd.* El Tribunal Supremo ha expresado que la declaración jurada que se presente a esos efectos debe contener hechos específicos y detallados demostrativos de las diligencias efectuadas con la intención de diligenciar el emplazamiento personal. *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 865 (2005).

En cuanto al término para diligenciar el emplazamiento, una vez expedido, la Regla 4.3 de las de Procedimiento Civil, 32 LPRA Ap. V., R. 4.3, dispone lo siguiente:

> (c) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la

parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

Respecto al emplazamiento por edicto, se ha resuelto que el término de 120 días para diligenciarlo comenzará a transcurrir nuevamente desde el momento en que es autorizado y expedido por el Tribunal. *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 984 (2020). Nuestro Tribunal Supremo ha reiterado que, "una vez transcurridos los 120 días sin diligenciar los emplazamientos, el TPI está obligado a desestimar la demanda de forma automática, sin concesión de prórroga alguna". *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 651 (2018).

### III.

En el recurso que nos ocupa, la parte apelante solicita que revoquemos la *Sentencia Parcial* en virtud de la cual el TPI desestimó sin perjuicio la reclamación en cuanto al señor Colón Torres, por falta de emplazamiento oportuno. Arguye que el señor Colón Torres fue emplazado por edicto conforme a derecho y según previamente autorizado por el foro de instancia. En la alternativa, razona que el señor Colón Torres se sometió voluntariamente a la jurisdicción del Tribunal, tras comparecer al procedimiento de mediación.

Según hemos reseñado, previo a que el TPI pueda autorizar el emplazamiento por edicto, la parte demandante debe presentar una declaración jurada en la cual acredite las gestiones específicas realizadas con el fin de localizar a la parte demandada. De un examen de la declaración jurada presentada por el apelante, surge que el emplazador detalló tanto las gestiones específicas realizadas, para localizar a los hermanos Colón Torres, a quienes denominó, de manera general, como "parte demandada". Según se desprende de la declaración jurada, el emplazador acudió a la última dirección conocida de los recurridos y, a su vez, inquirió sobre sus paraderos en la policía, en la alcaldía y en el correo postal. Más aún, realizó búsquedas cibernéticas con relación a la ubicación de los recurridos, las cuales tampoco arrojaron resultados. Ante ello,

el foro de instancia determinó que las gestiones realizadas fueron suficientes y, como consecuencia, autorizó y expidió los emplazamientos por edicto.

Sin embargo, posterior a su publicación, el TPI invalidó los emplazamientos por edicto. Somos del criterio que el foro de instancia no debió invalidar un emplazamiento por edicto que fue previamente autorizado y diligenciado conforme a la normativa procesal. Resultó contrario a derecho que, luego de que FirstBank actuara de acuerdo con lo aprobado judicialmente, el propio Tribunal determinara retroactivamente que el emplazamiento por edicto era improcedente.

Peor aún, surge que el TPI basó su determinación en una solicitud carente de méritos y fundamentos legales. Mediante la solicitud de nulidad de los procedimientos, los hermanos Colón-Torres meramente arguyeron que estaban disponibles para recibir los emplazamientos personalmente. Con relación al señor Colón Torres, no realizaron ningún argumento específico en cuanto a la improcedencia del emplazamiento por edicto. De manera similar, de la *Minuta* correspondiente a la vista celebrada el 21 de agosto de 2025, tampoco surgen argumentos que justifiquen determinar que el emplazamiento no fue conforme a derecho.

Conforme se desprende, los recurridos ni tan siquiera alegaron que el señor Colón Torres no reside en la dirección a la cual el emplazador acudió en múltiples ocasiones con la intención de diligenciar los emplazamientos. Ante la ausencia de alegaciones concretas que refuten que el emplazador no realizó gestiones suficientes para emplazar personalmente al señor Colón Torres, no existía fundamento alguno para dejar sin efecto el emplazamiento por edicto. En atención a ello, resulta forzoso concluir que el foro de instancia incidió al desestimar la causa de acción en cuanto al señor Colón Torres, por falta de emplazamiento oportuno.

### IV.

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia,* se *revoca* la determinación apelada. Se devuelve al Tribunal de

Primera Instancia, Sala Superior de San Juan, para la continuación de los procedimientos, conforme a lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones